# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA,
### OCALA DIVISION

**BETH ANN SMITH,**
     **PLAINTIFF**

                                  **Civil Action**
                                  **Case No.: 5:04-CV-657-OC-GRJS**

**v.**

**QUINTILES TRANSNATIONAL CORP.,**
**INNOVEX INC.,**
**ORTHO BIOTECH, INC.**
**CRAIG PHILLIPS,**
     **AND**
**WILBERTO ORTIZ,**

     **DEFENDANTS**
_____/

## SECOND AMENDED COMPLAINT
## FOR NEGLIGENCE, ASSAULT AND BATTERY, AND
## EMPLOYMENT DISCRIMINATION

The PLAINTIFF, BETH ANN SMITH, through the undersigned attorney, brings this action to redress injuries done to her by DEFENDANTS QUINTILES TRANSNATIONAL CORP., INNOVEX INC. (hereinafter Innovex), ORTHO BIOTECH, INC., (hereinafter Ortho Biotech), CRAIG PHILLIPS, AND WILBERTO ORTIZ and alleges:

1.     This is an action for damages in excess of $1,000,000 exclusive of costs, interest and attorneys' fees.

2.     The jurisdiction of this Court is invoked under the provisions of 42 U.S.C. Section 12101, et seq., 42 U.S.C. 2000e, et seq., 29 U.S.C. Section 623, et seq., and 28 U.S.C. Section 1367.

3.     QUINTILES TRANSNATIONAL CORP. is a corporation incorporated under the laws of the state of North Carolina, and INNOVEX INC., is a corporation, incorporated under the laws of the state of Delaware, and both corporations are doing business in the County of Marion,

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 2 of 38

Florida, and elsewhere throughout the State of Florida and in the United States, and may sue and be sued.

4.     Innovex employs more than one thousand (1,000) people.

5.     Ortho Biotech is a multinational Biotech Pharmaceutical corporation, a subsidiary of Johnson and Johnson, a New Jersey corporation, doing business in the County of Marion, Florida, and elsewhere throughout the State of Florida and in the United States, and may sue and be sued.

6.     Ortho Biotech employs more than one thousand (1,000) people.

7.     At all times relevant, WILBERTO ORTIZ was a resident of the state of Florida, and an employee or agent of DEFENDANTS Innovex and Ortho Biotech, performing duties on behalf of DEFENDANTS throughout the state of Florida, and elsewhere in the United States and was and is sui juris.

8.     At all times relevant, CRAIG PHILLIPS was a resident of the state of Florida, and an employee of Innovex and Ortho Biotech, performing duties on behalf of DEFENDANTS throughout the state of Florida, and elsewhere in the United States and was and is sui juris.

9.     PLAINTIFF is a citizen of the United States of America.

10.     At all times relevant, PLAINTIFF was a resident of the state of Florida and was and is sui juris.

11.     At all times relevant, PLAINTIFF was an employee of DEFENDANTS Innovex and Ortho Biotech, performing according to the instructions of both DEFENDANTS throughout the state of Florida and elsewhere in the United States.

12.     At all relevant times, DEFENDANTS Innovex and Ortho Biotech were the employers

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 3 of 38

and managers and supervisors of DEFENDANTS PHILLIPS and ORTIZ.

13.     At all relevant times, DEFENDANTS Innovex and Ortho Biotech were responsible for the development and implementation of hiring practices and for the hiring, retention and supervision of its management and employees.

14.     PLAINTIFF's date of birth is January 2, 1963.

15.     PLAINTIFF is a veteran and a retired commissioned officer of the United States Army.

16.     PLAINTIFF is a registered nurse with a Bachelor of Science degree (1990) in Nursing, a masters degree in Nursing, and a licensed (in Florida) Advanced Registered Nurse Practitioner (1999).

17.     PLAINTIFF has suffered from disabilities for over ten (10) years.  PLAINTIFF's condition was originally diagnosed as Systemic Lupus Erythamatosis (SLE), in 1994. Her condition has evolved into Rheumatoid Arthritis (RA). PLAINTIFF has been a retired Army Nurse Corps Officer and disabled veteran since 1995. PLAINTIFF has been receiving a military pension, benefits from the United States Department of Veterans Affairs, and disability Social Security benefits since her medical retirement from the U. S. Army in 1995.  PLAINTIFF has a 60% disability rating with the VA. and she continues to receive medical treatment for her disabilities. Under applicable regulations, PLAINTIFF was allowed to attempt a trial employment period, which she was pursuing at the time of her hire by DEFENDANTS Innovex and Ortho Biotech because her symptoms appeared to have been in remission.

18.     DEFENDANT Innovex interviewed PLAINTIFF for a position in March 2001.  The phone interview was conducted by Cindy Hammond, a recruiter for DEFENDANT Innovex.

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 4 of 38

Chuck Lee, an employee of DEFENDANT Innovex interviewed PLAINTIFF in April 2001.  Leon

Robinson, District Manager for DEFENDANT Ortho Biotech, conducted the final interview of

PLAINTIFF in April 2001, and made the decision to hire PLAINTIFF.

19.    DEFENDANTS Innovex and Ortho Biotech hired PLAINTIFF on or about May 1,

2001, as a Nephrology Nurse Educator (NNE) with responsibilities to both DEFENDANTS

Innovex and Ortho Biotech.

20.    DEFENDANTS Innovex and Ortho Biotech share the management and supervision of

PLAINTIFF, DEFENDANTS PHILLIPS and ORTIZ, and the NNE Program in which

PLAINTIFFF worked.  DEFENDANTS Innovex and Ortho Biotech collaborated jointly to design

and administer the NNE Project (Number 4085).  Administrative control such as payroll, insurance

benefits, vacation or sick time, car allowances and mileage was exercised by DEFENDANT

Innovex.  However, field supervisory responsibility and authority was exercised almost exclusively

by DEFENDANT Ortho Biotech personnel.

21.    During the tenure of her employment, PLAINTIFF reported on a regular basis to the

following employees of DEFENDANT Ortho Biotech:  Cheryl Ward, Rick Johnson, Christina

Sobkowiak, Billy Tingle, DEFENDANT Wilberto Ortiz, Donna Dalton, and Amy Starr.  The

foregoing named employees were Nephrology Product Specialists (NPS) for various districts within

the state of Florida.  These employees directed PLAINTIFF as to whom she should see, when she

would see them, the objectives in each account, the frequency of her calls, the messages she would

present, and the tactics she would employ.  PLAINTIFF was often told what to say word for word.

These same employees had direct input into employee's evaluations, her quarterly incentive

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 5 of 38

compensation, and any opportunities to advance in either of the DEFENDANT companies, Innovex and Ortho Biotech.

22.     PLAINTIFF was provided with business cards by DEFENDANT Ortho Biotech.  The first business cards given to PLAINTIFF displayed the names of both DEFENDANTS Innovex and Ortho Biotech.  Subsequent business cards, received by PLAINTIFF sometime in late 2002, only showed the name of DEFENDANT Ortho Biotech.

23.     Subsequent to being hired, PLAINTIFF attended various training sessions at Ortho Biotech Headquarters in New Jersey.   These sessions were supervised by employees of DEFENDANTS Innovex and Ortho Biotech, including Craig Phillips (DEFENDANT Ortho Biotech Regional Business Director), Meg Anderson (DEFENDANT Ortho Biotech Product Manager), and Jennifer Bonsall (DEFENDANT Innovex Project Leader).

24.     Beginning in October 2001, and continuing until June 2003, PLAINTIFF experienced assaults and batteries, pejorative remarks, and other kinds of sexual harassment, committed by DEFENDANTS Ortiz, Phillips, and other employees of DEFENDANTS Innovex and Ortho Biotech during PLAINTIFF's performance of her assignments.

25.     DEFENDANTS Innovex and Ortho Biotech held a National Plan of Action meeting in October, 2001, at the Adolphus Hotel in Dallas, Texas.  This meeting was attended by many of DEFENDANTS' employees, including Ortho Biotech employees Anderson, Phillips, and Alan Rucker (DEFENDANT Ortho Biotech District Manager).

26.     During one evening, PLAINTIFF agreed to play pool with DEFENDANTS Innovex and Ortho Biotech's employees Phillips, Anderson, and Rucker while many of the attendees were

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 6 of 38

gathered in the Hospitality Suite. After a while, Phillips, Anderson and Rucker began a "verbal game" of sexually pairing co-workers. PLAINTIFF objected, finding the game to be vulgar and disrespectful. Phillips, Anderson and Rucker continued their game, and admonished PLAINTIFF for her critical comments, which they claimed violated the rules of their game. PLAINTIFF left to return to her own room.

27.     Within 15-20 minutes of the events described above in Paragraph 25, DEFENDANT Phillips came to PLAINTIFF's hotel room, knocking on her door and telling her he wanted to talk with her. When PLAINTIFF opened the door, DEFENDANT Phillips entered and quickly brushed past PLAINTIFF. DEFENDANT Phillips placed a bottle of wine on a table and sat down on the bed that was furthest from the door, and told PLAINTIFF to come over and sit down. After telling PLAINTIFF how much he liked her, DEFENDANT Phillips then began to rub and fondle her breasts and her buttocks while pulling her toward him and forcefully kissing her. PLAINTIFF moved away, but DEFENDANT Phillips moved toward her and began stroking her hair. He then threw PLAINTIFF on the bed and began to press his pelvis into her. PLAINTIFF was able to throw DEFENDANT Phillips off of her, and immediately demanded that he leave her room. DEFENDANT Phillips still persisted in trying to kiss PLAINTIFF and in pulling at her clothes to expose her breast. PLAINTIFF told DEFENDANT Phillips what he was doing was wrong, and reminded him that he was married. DEFENDANT Phillips laughed and tried to cajole PLAINTIFF, asking if she was sure she wanted him to leave, while he straightened his clothes. PLAINTIFF demanded that he get out. DEFENDANT Phillips then pulled PLAINTIFF against his body, held her neck firmly, and told her that "no one ever needs to know about this, right?" PLAINTIFF was

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 7 of 38

thoroughly frightened and said "yes," whereupon DEFENDANT Phillips released her and walked out the door.

28.     Once DEFENDANT Phillips had left the room, PLAINTIFF bolted her door.  However, she heard DEFENDANT Phillips talking in the hallway with someone who sounded like Ms. Anderson, and PLAINTIFF became concerned about what might happen if DEFENDANTS Innovex and Ortho Biotech's employees found out about what DEFENDANT Phillips had done. DEFENDANT Phillips was also manager of Ms. Anderson. PLAINTIFF was concerned about her job security and physical safety.

29.     The next day after the events described above in Paragraphs 24-27, Ms. Anderson was short, snappy and rude toward PLAINTIFF.  There was a marked difference in her attitude from all previous occasions when they had met or come together.  Previously, Ms. Anderson had commented to PLAINTIFF that she "wished she had a hundred NNE's" like PLAINTIFF.

30.     Sometime in November of 2001, PLAINTIFF was selected by DEFENDANTS Innovex and Ortho Biotech to represent all NNE's at the National Kidney Foundation (NKF) national meeting in San Francisco.

31.     Ms. Anderson was in charge of the personnel assigned to booth duty.  Ms. Anderson continued to exhibit a totally different demeanor than she had previously shown to PLAINTIFF. Ms. Anderson was very short and openly expressed a new dislike for the PLAINTIFF.  She ignored her presence, her questions, and her input.  Ms. Anderson raised her voice to scold the PLAINTIFF unnecessarily during the NKF exhibit.  The tension was high between the PLAINTIFF and Ms. Anderson.  However, the PLAINTIFF had no authority to address the issue, no one to report her

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 8 of 38

behavior to, and knew that she would face only negative consequences for any attempt to resolve the problems with Ms. Anderson.   Ms. Anderson was the Ortho Biotech supervisor of PLAINTIFF's immediate supervisors, Jennifer Bonsall and Beth Morgan.  The "secret" about the sexual paring game and the unwelcome visit from DEFENDANT Phillips to the PLAINTIFF's room had created hostility between Ms. Anderson and the PLAINTIFF.  However, PLAINTIFF had no where to turn. PLAINTIFF avoided any unnecessary contact or discussion, and she treated Ms. Anderson with caution at all times.

32.     In January 2002, the DEFENDANTS Innovex and Ortho Biotech's National POA was held in Phoenix, AZ.  DEFENDANT Ortiz invited PLAINTIFF to his room to meet prior to departing for an evening outing with other colleagues following training.  PLAINTIFF thought the plan was merely to walk downstairs together.  When PLAINTIFF arrived at DEFENDANT Ortiz' room, he was not dressed.  Instead, he was lying on the bed closest to the window under the covers watching TV.  He encouraged PLAINTIFF to sit down.  She reluctantly sat down on the bed closest to the door, facing DEFENDANT Ortiz.   He commented on her appearance and then started questioning her about what kind and what color of underwear she was wearing.  PLAINTIFF told him that was none of his business and attempted to leave the room.  DEFENDANT Ortiz grabbed PLAINTIFF's arm, and "apologized" for being "so forward."   DEFENDANT Ortiz also said, "I guess that makes you uncomfortable."  PLAINTIFF explained that she was not sexually interested in him, but he still persisted to ask her questions about her sex life.  Again she told him that was none of his business.  PLAINTIFF reminded DEFENDANT Ortiz that he was a married man.  She also told him how negatively God viewed adultery.  DEFENDANT Ortiz continued to make verbal

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 9 of 38

propositions while holding onto PLAINTIFF.  Despite the PLAINTIFF's repeated refusal, he again suggested that they have sex as he elaborated on how much fun it would be.  Then he returned to the topic of undergarments.  Still holding her arm he said,  "I bet you wear thongs, don't you?  Let me see what color underwear you have on."  With that comment, he reached up and pulled the waist of PLAINTIFF's pants away from her body so he could look down inside of them.  PLAINTIFF pulled away, but DEFENDANT Ortiz just laughed.  "Look, I'll show you mine, it's no big deal," he said as he ripped the covers back exposing his entire body while wearing only a pair of underwear.  PLAINTIFF was totally shocked.  PLAINTIFF left the room.

33.    In May of 2002, PLAINTIFF was chosen by DEFENDANTS Innovex and Ortho Biotech to become a member of the newly formed NNE Marketing Advisory Board.  There were only four or five NNEs on the Board, so selection was something of an honor and recognition of one's performance.

34.    In June of 2002, PLAINTIFF and employees of the DEFENDANTS Innovex and Ortho Biotech attended the Florida Bi Regional Meeting at Hilton Resort, Buena Vista, Orlando, Florida.  DEFENDANT Ortiz asked PLAINTIFF to his hotel room so that he could instruct her how to use the new projection equipment obtained for the District.  While PLAINTIFF was setting up computer equipment on the table next to the window, DEFENDANT Ortiz stood behind her.  He was between her and the door.  When PLAINTIFF turned around, DEFENDANT Ortiz was standing there with his pants off, totally exposing his bare genitals.  PLAINTIFF shouted, "You know that is sexual harassment, don't you?"   She then gathered her computer equipment and left the room as DEFENDANT Ortiz was struggling to retrieve his pants from around his ankles.

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 10 of 38

35.     Frightened, embarrassed, and humiliated, PLAINTIFF went directly to her room, and began to cry. She did not know what to do. She suffered early in her term of employment the physical assault and battery by DEFENDANT Phillips, resulting in constant fear of losing her job.

36.     DEFENDANT Ortiz continued his ongoing episodes of unwanted sexual harassment nearly every time PLAINTIFF was required to work with him, or to attend local, regional or national meetings. On average these incidents occurred about once or twice a month. This included occasions when PLAINTIFF had to be with DEFENDANT Ortiz over a period of several days. DEFENDANT Ortiz harassed PLAINTIFF nearly every day during these events. His inappropriate verbal comments, propositions, and lewd compliments, whistling, staring, and physical touching were repulsive to the PLAINTIFF. PLAINTIFF frequently thought of his wife, their children, and how he was treating his marriage. DEFENDANT Ortiz topped off his vulgar, unacceptable, and offensive behavior with his repeated desire to exposure himself to the PLAINTIFF.

37.     Because of DEFENDANT Ortiz' conduct, PLAINTIFF made repeated requests to be transferred away from his accounts and territory. These requests were repeatedly denied by Innovex Management. PLAINTIFF was concerned how reporting this would affect the NNE Project. She was fearful of losing her job. She was unsure how the DEFENDANTS Innovex and Ortho Biotech's leadership would respond since their pattern of response was unpredictable, often negative, and unsupportive of NNE's. She hoped that he would stop since she told him his behavior was sexual harassment.

38.     In October of 2002, PLAINTIFF attended DEFENDANTS INNOVEX Innovex and Ortho Biotech National Meeting at the Charleston Place Hotel, in Charleston, South Carolina.

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 11 of 38

During that time, individual district team building exercises were conducted in the streets of Charleston.  DEFENDANT Ortiz stood behind the PLAINTIFF, shaking his head, pursing his lips and moaning as the team stopped at one of the designated objectives.  He commented, "You sure look good for your age."  The PLAINTIFF could not understand the additional comments that were made in Spanish by DEFENDANT Ortiz as he grabbed his groin and stuck out his tongue.  DEFENDANT Ortiz often spoke in Spanish to the PLAINTIFF knowing that she could not understand him.  However, PLAINTIFF knew he was not saying nice things by his body language, moaning, staring, and attempts to brush against her while speaking this foreign language to the PLAINTIFF.  PLAINTIFF told him that he was sick and perverted man, and told him to stop sexually harassing her and to stay away!

39.    In December 2002, PLAINTIFF attended a District Meeting of DEFENDANTS' Ortho Biotech in Tampa, Florida, followed by district Christmas party at the home of Mr. Robinson, District Manager for DEFENDANT Ortho Biotech.  Innovex employees had been directed to attend the meeting and the party.  PLAINTIFF personally met DEFENDANT Ortiz's wife and two children, along with the families of other District NPS's and DM's.  Throughout the evening, and despite the presence of his wife, DEFENDANT Ortiz, continually stared at PLAINTIFF while shaking his head.  He would deliberately stare at PLAINTIFF and then slowly lick his lips while rolling his eyes.  The PLAINTIFF felt ill and wanted to vomit.  At that moment, the PLAINTIFF decided to confront DEFENDANT Ortiz one more time about his inappropriate comments, gestures, and physical touching, and to tell him about the negative impact it was having on her personally and professionally.  Although she had directly told him in the past to stop harassing her,

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 12 of 38

obviously he did not take her seriously.   Knowing this was not an appropriate opportunity to confront her perpetrator, PLAINTIFF began to look forward to an opportunity to do so in the very near future.   PLAINTIFF could not leave the party until the group's bus transportation arrived to return them to the hotel.

40.     In January, 2003, shortly after the party described above in Paragraph 39.   PLAINTIFF reviewed the Innovex Employee Handbook provided to her by Innovex regarding their policy on sexual harassment.   The Handbook first instructed any victim of Sexual Harassment to confront the harasser and then to notify their supervisor.   PLAINTIFF intended to confront DEFENDANT Ortiz at the upcoming POA meeting scheduled for later that month.

41.     PLAINTIFF was selected by DEFENDANT Innovex to make a presentation to her peers during the National POA in Los Angeles, California, scheduled for January 2003. The Project Leader (Jennifer Bonsall) selected four (4) NNE's (out of 32) who had demonstrated outstanding performance to share their techniques, tactics and best practices with all NNE's in order to facilitate improved success of individual NNE Team and to facilitate and improve performance of all NNEs project as a whole.   The Project Leader emphasized in writing that this was an additional opportunity for the selected NNE to shine above other NNE's and to demonstrate some of their recognized success as an NNE with notable expertise.

42.     On or about Tuesday, January 20, 2003, PLAINTIFF gave her presentation. PLAINTIFF received positive feedback from management and her peers.   Later that same day, Ms. Anderson made her presentation to roll out New Proof marketing tool.   During that presentation, PLAINTIFF asked specific questions regarding the use of the new marketing piece.   Ms. Anderson

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 13 of 38

answered negatively, indicating the use suggested by PLAINTIFF was not appropriate.  No further comments were offered about the PLAINTIFF's questions at that time.

43.     On January 23, 2003, PLAINTIFF received the "Top Tier" prize for her performance on the Sales Simulation Activity at the POA.  PLAINTIFF was found to be one of the top performers out of 32 NNEs for this activity.

44.     Also on January 23, 2003, Ms. Anderson reportedly complained to Mr. Robinson, Florida DM for DEFENDANT Ortho Biotech, that several NNE's made the mistake of mentioning Congestive Heart Failure (CHF) during the PROOF Sales Simulation Activity during the meeting. Mr. Robinson told the PLAINTIFF, "She (Ms. Anderson) was pissed!"  PLAINTIFF indicated to him that she had given the correct response when the tester mentioned CHF to her.  PLAINTIFF gave the Textbook answer to the tester, Carolyn Tenyke.  One of the reasons PLAINTIFF received a "Top Tier" award was because she made no errors in her presentation.

45.     Later on January 23, 2003, Ms. Anderson came into the Florida District Breakout meeting.  She stated that if the NNE's wanted to keep their jobs that they had better do as they are told. Her attitude was hostile toward the PLAINTIFF even though PLAINTIFF had won the "Top Tier" award for her performance at the meeting.

46.     Shortly after this meeting, Ms. Bonsall and Ms. Morgan told PLAINTIFF that it had been decided that someone had to take the blame for the alleged error about CHF.  Ms. Bonsall and Ms. Morgan told PLAINTIFF that she would be the one to take the blame.

47.     Still on January 23, 2003, PLAINTIFF confronted DEFENDANT Ortiz about his sexual harassment as the Innovex Employee Handbook instructs employees to do.  She told him he must

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 14 of 38

stop because his behavior was interfering with her ability to effectively perform her job. PLAINTIFF gave DEFENDANT Ortiz several examples of the negative impact his unwelcome actions were having on her personally and professionally.

48.    On January 27, 2003, PLAINTIFF was contacted by Ms. Bonsall to discuss a confrontation between PLAINTIFF and DEFENDANT Ortiz on January 23, 2003, reported to her by the Florida DM, Mr. Robinson.   During the phone conversation with Ms. Bonsall, the PLAINTIFF informed her that DEFENDANT Ortiz had been sexually harassing her for a long time. PLAINTIFF told Ms. Bonsall about DEFENDANT Ortiz dropping his pants to expose himself to her.  PLAINTIFF told Ms. Bonsall that the conversation that she had with DEFENDANT Ortiz on January 23, 2003, was to demand that he stop his sexually harassing behaviors.  The PLAINTIFF provided details to Ms. Bonsall about the conversation in question.

49.    Ms. Bonsall stated that Mr. Robinson had contacted her to "complain" about the interaction that the PLAINTIFF had with district member DEFENDANT Ortiz.  Ms. Bonsall claimed that Mr. Robinson reported that the PLAINTIFF was "complaining."  The PLAINTIFF openly admitted to "complaining" about sexual harassment.  Ms. Bonsall stated that Mr. Robinson indicated the PLAINTIFF was complaining about her job duties and Innovex management.  The PLAINTIFF denied the accusation and explained more details about the continued sexual harassment by DEFENDANT Ortiz.  Ms. Bonsall told PLAINTIFF that she [Ms. Bonsall] was required to notify Human Relations any report of sexual harassment.  Ms. Bonsall told PLAINTIFF that PLAINTIFF could file a formal complaint for sexual harassment through HR (Human Resource Department).  However in the same sentence, Ms. Bonsall told PLAINTIFF that she could be fired

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 15 of 38

for anything!

50.     Later on that same day of January 27, 2003, the PLAINTIFF was placed on a Performance Improvement Plan (PIP), a disciplinary action inflicted upon the PLAINTIFF for asking questions during training, and for having what was referred to as "an unprofessional conversation" with a "customer," DEFENDANT Ortiz.  Despite PLAINTIFF's objections, this PIP was implemented for a 90-day period.  Consequently, the PLAINTIFF was not eligible for raises or promotions and risked having bonuses withheld.

51.     The PIP significantly increased daily workload, daily and weekly reporting requirements, and the number and frequency of supervisory visits by Beth Morgan, Senior NNE for DEFENDANT Innovex and Ms. Bonsall.  Prior to the PIP, PLAINTIFF had received only one supervisory visit.  Once she was on the PIP, PLAINTIFF received supervisory visits about twice a month.  PLAINTIFF was warned not to discuss any aspect of these disciplinary measures or requirements with other NNE's, her District Manager, or Nephrology Product Specialists.  PLAINTIFF was informed that she would be terminated for discussing the disciplinary action with any Ortho Biotech or Innovex employee as well as any customer.

52.     Later in January, 2003, PLAINTIFF received a phone call from Chris Marcello, DEFENDANT Innovex' Human Resources Representative.  She told PLAINTIFF that Ms. Bonsall had informed her that PLAINTIFF had been sexually harassed. Ms. Marcello asked PLAINTIFF if she wanted to file a formal complaint through her.  The PLAINTIFF informed Ms. Marcello that Ms. Bonsall had emphasized to PLAINTIFF that she could be fired for anything, and that PLAINTIFF was genuinely concerned about losing her job if she filed a complaint. Ms. Marcello

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 16 of 38

made no attempt to reassure PLAINTIFF that her job would be safe.  Instead, she merely told the

PLAINTIFF, "If you change your mind, call me back."

53.     The increased workload demands and the stress of the PIP soon caused an exacerbation

of Systemic Lupus Erythamatosis, (SLE) and Rheumatoid Arthritis (RA) symptoms in the

PLAINTIFF.   Until the initiation of the PIP, the PLAINTIFF had performed all activities

satisfactorily or above required standards without requiring accommodations.

54.     Implementation of the PIP caused increased disease activity and the need for occasional

disability accommodations.  All requests for disability accommodation by the PLAINTIFF were

denied by the DEFENDANT Innovex employees Ms. Morgan and Ms. Bonsall.  PLAINTIFF

requested minor disability accommodations such as increased time in which to file requisite reports.

The additional increase in the administrative reporting requirements of the PIP caused a significant

increase of the PLAINTIFF's symptoms.

55.     It soon became nearly impossible for the PLAINTIFF to bathe, groom, dress, toilet, or

feed herself because of the exacerbation of the symptoms of the SLE and RA.  She suffered many

other severe limitations in normal daily activities including, but not limited to:  her ability to hold a

cup, prepare meals, drive, type, or walk.  She also began to require more frequent office visits to her

physician, and increases or changes to her medication regime to help control the exacerbated

symptoms that were previously in remission prior to implementation of the PIP.

56.     The PLAINTIFF experienced a significant increase in the severity of her disability,

increased frequency of absences from work, more physical joint inflammation, increased joint pain

and immobility causing unnecessary suffering to the PLAINTIFF.   PLAINTIFF repeatedly

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 17 of 38

requested that Innovex management modify the time that her daily reports were due. She requested to be allowed to turn them in by 8am the next day rather than 8pm the same day. All requests were refused by either Ms. Bonsall or Ms. Morgan, despite the fact that the requested accommodation would not have created any hardship for the company or its representatives.

57.    In addition to the foregoing requests for disability accommodation, PLAINTIFF had requested to Ms. Bonsall and Ms. Morgan she be removed from the accounts of her primary harasser, DEFENDANT Ortiz. Despite the availability of another NNE based in Miami who could have serviced DEFENDANT Ortiz's accounts more conveniently. Innovex management insisted PLAINTIFF continue to service his territory. In fact, the first week that the PIP was initiated, PLAINTIFF was required to return directly to DEFENDANT Ortiz's accounts in Melbourne and West Palm, Florida. Ms. Bonsall and Ms. Morgan had not only been fully aware of PLAINTIFF's disability and the sexual harassment suffered by the PLAINTIFF from DEFENDANT Ortiz, but deliberately did nothing to accommodate PLAINTIFF's disability or to prevent continued exposure of the PLAINTIFF to the unwanted sexual advances of DEFENDANT Ortiz.

58.    During March, 2003, the PLAINTIFF's requested disability accommodations were again denied. PLAINTIFF continued to be medically treated for her disability. Documentation of the PLAINTIFF's existing disability was offered to DEFENDANT Innovex. Ms. Morgan indicated that she did not need to see the PLAINTIFF's medical records. PLAINTIFF provided detailed description of the direct correlation between the increased work requirements and stress of the PIP and her recent significant increase of noted disease activity, increased severity of symptoms, decreased ability to perform major life activities of daily living, and the increased number of sick

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 18 of 38

days and work absences.  Still no accommodation was provided.  The PLAINTIFF continued to experience more swelling, inflammation, pain, suffering, and physical limitations.  As a result of the sexual harassment, retaliation and hostile environment, the PLAINTIFF also suffered emotional and psychological distress, anxiety, or depression resulting in the need for antidepressant therapy and counseling.

59.     During March, 2003, PLAINTIFF again requested that reporting deadlines be changed, that territory re-alignment be done to eliminate exposure to DEFENDANT Ortiz, and to accommodate her disabilities by decreasing emotional stress known to aggravate her condition.  But her requests for accommodations were denied by the Innovex Management Team.

60.     In April, 2003, PLAINTIFF successfully completed the PIP.  PLAINTIFF was not provided a summation of her PIP performance, a discussion of outcomes, or any post PIP instructions by the Innovex Management team.  PLAINTIFF was simply told to stop sending the reports required by the PIP.

61.     On June 12, 2003, PLAINTIFF received a "satisfactory" Annual NNE Evaluation in person from Ms. Morgan.  At that time, Ms. Morgan also questioned PLAINTIFF about details of the sexual harassment suffered from DEFENDANT Ortiz.   PLAINTIFF explained that the frequency of sexual harassment incidents had diminished, but that the sexually harassing behaviors had not totally stopped.  PLAINTIFF was extremely humiliated and eventually reduced to tears in an open hotel lobby while speaking to Ms. Morgan.   Ms. Morgan suggested during this conversation that PLAINTIFF should have just slept with DEFENDANT Ortiz.

62.     On June 23, 2003, PLAINTIFF's employment was terminated via a conference call with

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 19 of 38

Ms. Morgan and Ms. Bonsall. The DEFENDANT Innovex' employees alleged that PLAINTIFF had committed a second policy violation within six (6) months. Both allegations were untrue and had been fabricated by DEFENDANTS as a pretext for firing PLAINTIFF. In both alleged instances, PLAINTIFF's actions, to the extent she was even involved, were in accordance with documented training and/or written policies (Innovex Employee Handbook) provided by the DEFENDANT Innovex, and with the regulations under the Health Insurance Portability and Accountability Act (HIPAA) .

63.     In one instance, DEFENDANTS Innovex and Ortho Biotech wrongly accused PLAINTIFF of improperly releasing an "800" company number on a flyer. However, PLAINTIFF had nothing to do with producing and distributing the flyer in question. The flyer had been created by an Ortho Biotech employee, and there was nothing about the flyer that violated any of DEFENDANTS Innovex and Ortho Biotech's policies. In fact, the information requested was regularly solicited by DEFENDANTS Innovex and Ortho Biotech in order to plan for training programs and events.

64.     DEFENDANTS Innovex and Ortho Biotech also alleged that PLAINTIFF violated HIPPA rules by allowing patient attendees to place their names on attendance sheet during training programs. However, sign-in sheets are explicitly allowed for within training modules provided by DEFENDANTS Innovex and Ortho Biotech as "incidental disclosures" under the HIPAA regulations issued by the U. S. Department of Health and Human Services. Furthermore, the sign-in sheet in question was not obtained by PLAINTIFF, but by hospital staff. Additionally, the "sign-in" was voluntary, and solely for the purpose of self-identifying as someone who wanted to receive

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 20 of 38

printed materials available from DEFENDANT Ortho Biotech.

65.     In addition to the foregoing retaliatory actions, DEFENDANTS Innovex and Ortho Biotech discriminated against PLAINTIFF by making false allegations about performance deficiencies that were unfounded.

66.     Within two to three months after PLAINTIFF's termination, DEFENDANTS Innovex and Ortho Biotech hired an unqualified (non-licensed nurse with no experience in nephrology), younger female to replace PLAINTIFF.

67.     On many occasions, the offending sexual harassment took place in plain view of DEFENDANTS Innovex and Ortho Biotech's employees and members of management. Sometimes, the conduct occurred in the midst of DEFENDANT training sessions and annual meetings. The reaction of DEFENDANTS Innovex and Ortho Biotech was always to ignore he conduct and do nothing to discourage it. DEFENDANTS Innovex and Ortho Biotech's employees and agents indulged in vulgar, harassing conduct and always responded negatively to PLAINTIFF's complaints.

68.     These incidents caused anxiety and fear in PLAINTIFF for herself because the conduct made it difficult for PLAINTIFF to do her work. PLAINTIFF found the harassing conduct of DEFENDANTS Innovex and Ortho Biotech's employees and agents to be threatening and abusive, and placed her in fear for her safety, job security and physical well-being. PLAINTIFF was compelled to seek psychological counseling and treatment for the depression caused by DEFENDANTS Innovex and Ortho Biotech treatment of her.

69.     Based upon information and belief, PLAINTIFF asserts that DEFENDANT Phillips had

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 21 of 38

a history of sexually harassing employees of DEFENDANTS Innovex and Ortho Biotech.  This

history was known to management of DEFENDANTS Innovex and Ortho Biotech.

70.    Based upon information and belief, PLAINTIFF asserts that DEFENDANT Ortiz had a

history of sexually harassing employees of DEFENDANTS Innovex and Ortho Biotech.  This

history was known to management of DEFENDANTS Innovex and Ortho Biotech.

71.    On several occasions during her employment with DEFENDANTS Innovex and Ortho

Biotech, PLAINTIFF expressed an interest in, and applied for, positions as a Nephrology Products

Specialists (NPS).  PLAINTIFF was highly qualified for these positions.  DEFENDANTS Innovex

and Ortho Biotech frequently selected NNEs to NPSs.  Salary and benefits for the NPS position

were higher and more generous than for the NNE positions.

72.    PLAINTIFF was told by Mr. Robinson that he wanted a younger person in the NPS

positions.  During PLAINTIFF's employment with DEFENDANTS Innovex and Ortho Biotech, at

least three NPSs were hired, each of whom was younger and less qualified than PLAINTIFF.

73.    On or about November 4, 2003, PLAINTIFF filed a complaint of employment

discrimination with the Florida Commission on Human Relations (hereinafter "FCHR") and the

United State Equal Employment Opportunity Commission (EEOC), FCHR Complaint No.

200420372, and EEOC Complaint No. 15DA400224.  The complaint alleged discrimination on the

basis of sex (F), sexual harassment, disability, and retaliation.  On or about March 19, 2004,

PLAINTIFF sought to amend her complaint by explicitly adding DEFENDANT Ortho Biotech.

Although Ortho Biotech had been clearly identified in PLAINTIFF's original complaint, FCHR

refused to designate Ortho Biotech as a respondent.   FCHR also insisted on treating PLAINTIFF's

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 22 of 38

amendment as a new and independent complaint (FCHR Complaint No. 200421675, and EEOC

Complaint No. 15DA400770). On or about September 17, 2004, PLAINTIFF received her Notice

of Right to Sue regarding Innovex, from the EEOC.  On or about November 13, 2004, PLAINTIFF

received a Notice of Dismissal from FCHR of her complaint against Ortho Biotech, and is awaiting

a Notice of Right to Sue from the EEOC.

## COUNT I
## DIRECT AND VICARIOUS LIABILITY
## FOR ASSAULT AND BATTERY OF PLAINTIFF BY DEFENADNT CRAIG PHILLIPS

74.     PLAINTIFF repeats and re-alleges the allegations contained in paragraphs 1 through 73

as if fully set forth herein.

75.     The acts of DEFENDANTS Innovex and Ortho Biotech's employees complained of

above were wanton, willful and malicious, with reckless disregard for the well-being of, or with the

intention of inflicting physical and psychological harm on, PLAINTIFF.

76.     At all relevant times, the acts complained of were committed while DEFENDANT

Phillips was acting within the actual or apparent scope and range of his employment or agency with

DEFENDANTS Innovex and Ortho Biotech, or were subsequently ratified, acknowledged and

approved by DEFENDANTS Innovex and Ortho Biotech, were committed while DEFENDANT

Phillips was on duty and/or acting in the service of  DEFENDANTS Innovex and Ortho Biotech,

were incident to the business of  DEFENDANTS Innovex and Ortho Biotech, and were performed

while DEFENDANT Phillips was working to advance the interests of DEFENDANTS Innovex and

Ortho Biotech.

77.     The acts of various DEFENDANTS Innovex and Ortho Biotech management

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 23 of 38

employees complained of above were wanton, willful and malicious, with reckless disregard for the well-being of, or with the intention of inflicting physical and psychological harm on, PLAINTIFF.

78.    At all relevant times, the acts of management personnel complained of were committed while such management personnel were acting within the actual or apparent scope and range of their employment or agency with DEFENDANTS Innovex and Ortho Biotech or were subsequently ratified, acknowledged and approved by DEFENDANTS Innovex and Ortho Biotech, were committed while such management personnel were on duty and during working hours in the service of DEFENDANTS Innovex and Ortho Biotech, were incident to the business of DEFENDANTS Innovex and Ortho Biotech, and were performed while management personnel were working to advance the interests of DEFENDANTS Innovex and Ortho Biotech.

79.    As a result of the harassment, assault and battery by DEFENDANT Phillips and the indifferent or hostile responses of management personnel toward her in connection with same, PLAINTIFF experienced great shame, indignity, mortification and disgrace, mental anguish, inability to sleep, frequent nightmares, and unnatural fear in the work environment, as well as incurring expenses for medical care.

WHEREFORE, PLAINTIFF requests this Court to assume jurisdiction and demands judgment for damages against DEFENDANT Innovex and Ortho Biotech and DEFENDANT Phillips.

### COUNT II
### DIRECT AND VICARIOUS LIABILITY
### FOR ASSAULT AND BATTERY OF PLAINTIFF
### BY DEFENDANT WILBERTO ORTIZ

80.    PLAINTIFF repeats and re-alleges the allegations contained in paragraphs 1 through

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 24 of 38

73 as if fully set forth herein.

81.　　At all relevant times, the acts complained of were committed while DEFENDANT Ortiz was acting within the actual or apparent scope and range of his employment or agency with DEFENDANTS Innovex and Ortho Biotech or were subsequently ratified, acknowledged and approved by DEFENDANTS Innovex and Ortho Biotech, were committed while DEFENDANT Ortiz was on duty and during working hours in the service of DEFENDANTS Innovex and Ortho Biotech, were incident to the business of DEFENDANTS Innovex and Ortho Biotech, and were performed while DEFENDANT Ortiz was working to advance the interests of DEFENDANTS Innovex and Ortho Biotech.

82.　　The acts of various management employees of DEFENDANTS Innovex and Ortho Biotech complained of above were wanton, willful and malicious, with reckless disregard for the well-being of, or with the intention of inflicting physical and psychological harm on, PLAINTIFF.

83.　　At all relevant times, the acts of management personnel of DEFENDANTS Innovex and Ortho Biotech complained of were committed while such management personnel were acting within the actual or apparent scope and range of their employment or agency with DEFENDANTS Innovex and Ortho Biotech or were subsequently ratified, acknowledged and approved by DEFENDANTS Innovex and Ortho Biotech, were committed while such management personnel were on duty and during working hours in the service of DEFENDANTS Innovex and Ortho Biotech, were incident to the business of DEFENDANTS Innovex and Ortho Biotech, and were performed while management personnel were working to advance the interests of DEFENDANTS Innovex and Ortho Biotech.

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 25 of 38

84.     As a result of the harassment, assault and battery by DEFENDANT Ortiz and the indifferent or hostile responses of management personnel of DEFENDANTS Innovex and Ortho Biotech toward her in connection with same, PLAINTIFF experienced great shame, indignity, mortification and disgrace, mental anguish, inability to sleep, frequent nightmares, and unnatural fear in the work environment, as well as incurring expenses for medical and psychological care.

WHEREFORE, PLAINTIFF requests this Court to assume jurisdiction and demands judgment for damages against DEFENDANTS Innovex and Ortho Biotech and DEFENDANT Ortiz.

## COUNT III
## NEGLIGENT SUPERVISION OF CRAIG PHILLIPS

85.     PLAINTIFF repeats and re-alleges the allegations contained in paragraphs 1 through 73 as if fully set forth here.

86.     DEFENDANTS Innovex and Ortho Biotech had a duty to conduct its supervision of employees in such a manner as to protect other employees from harm practiced upon them by agents, servants, or employees of DEFENDANTS Innovex and Ortho Biotech.

87.     Appropriate supervision by DEFENDANTS Innovex and Ortho Biotech would have acknowledged the continuing personnel problems, complaints and dangers caused by the employment of DEFENDANT Phillips in a job placing him in unrestricted close proximity to unprotected female employees and female patients and would have resulted in the institution of employment-related interventions and disciplinary actions addressing same.

88.     During the course of DEFENDANTS Innovex and Ortho Biotech's employment of DEFENDANT Phillips, many levels of management personnel became actually or constructively

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 26 of 38

aware of the aggressive, oppressive, abusive, dangerous and harmful behavior of DEFENDANT

Phillips toward female employees as evidenced by reports and complaints about DEFENDANT

Phillips and by observation of his actions toward female employees compelled to work in proximity

to him.

89.     Upon information and belief, at no time prior to or following the harassment, assault,

battery and abuse suffered at various times by PLAINTIFF did management personnel undertake

any employment-related interventions or disciplinary actions to address DEFENDANT's

aggressive, oppressive, abusive, dangerous and harmful behavior toward female employees or the

continuing threat to PLAINTIFF and other female employees.

90.     It was unreasonable for DEFENDANTS Innovex and Ortho Biotech to neglect or to

refuse to take appropriate supervisory action with respect to DEFENDANT Phillips in light of

PLAINTIFF's and other female employees' repeated complaints about his behavior, and

management personnel's active or constructive knowledge of DEFENDANT Phillips' behavior and

of such complaints.

91.     It was unreasonable for DEFENDANTS Innovex and Ortho Biotech to neglect or to

refuse to increase its level of supervisory activity of DEFENDANT Phillips in light of its actual or

constructive knowledge of his harassments of, threats against, and attacks upon female employees,

conducted on and off the premises of DEFENDANTS Innovex and Ortho Biotech and during hours

of service.

92.     PLAINTIFF, as a female employee of DEFENDANTS Innovex and Ortho Biotech,

working in the area to which she was assigned and required by her job duties was within the zone of

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 27 of 38

foreseeable risks created by DEFENDANTS Innovex and Ortho Biotech's negligent supervision of DEFENDANT Phillips.

93.    The injuries suffered by PLAINTIFF were proximately caused by the breach of duty by DEFENDANTS Innovex and Ortho Biotech in its negligent supervision of DEFENDANT Phillips.

94.    As a result of the negligent supervision of and harassment, assault and battery by DEFENDANTS Innovex and Ortho Biotech, and the hostile and retaliatory response of management toward her in connection with same, PLAINTIFF experienced great shame, indignity, mortification and disgrace, mental anguish, inability to sleep, frequent nightmares, and unnatural fear in the work environment.

95.    As a result of the negligent supervision of and harassment, battery and assault by DEFENDANT Phillips, and the retaliatory response from DEFENDANTS Innovex and Ortho Biotech to her complaints, PLAINTIFF experienced intensified shame, indignity, mortification and disgrace, mental anguish, inability to sleep, frequent nightmares, and an unnatural fear in the work environment because of the nature and her illness and the obsession of DEFENDANT Phillips with PLAINTIFF's body, breasts, and underwear.

96.    As a result of the negligent supervision of and harassment, battery and assault by DEFENDANT Phillips, and the retaliatory response from DEFENDANTS Innovex and Ortho Biotech to her complaints, PLAINTIFF experienced great shame, indignity, mortification and disgrace, mental anguish, inability to sleep, and began and continued to suffer severe headaches, muscular tension, constant anxiety and other stress-related conditions causing a greatly diminished ability to remain gainfully employed, as well as incurring expenses for medical and psychological

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 28 of 38

care.

WHEREFORE, PLAINTIFF requests this Court to assume jurisdiction and demands

judgment for damages against DEFENDANTS Innovex and Ortho Biotech.

## COUNT IV
## NEGLIGENT SUPERVISION OF WILBERTO ORTIZ

97.     PLAINTIFF repeats and re-alleges the allegations contained in paragraphs 1 through 73

as if fully set forth here.

98.     DEFENDANTS Innovex and Ortho Biotech had a duty to conduct its supervision of

employees in such a manner as to protect other employees from harm practiced upon them by

agents, servants, or employees of DEFENDANTS Innovex and Ortho Biotech.

99.     Appropriate supervision by DEFENDANTS Innovex and Ortho Biotech would have

acknowledged the continuing personnel problems, complaints and dangers caused by the

employment of DEFENDANT Ortiz in a job placing him in unrestricted close proximity to

unprotected female employees and female patients and would have resulted in the institution of

employment-related interventions and disciplinary actions addressing same.

100.    During the course of DEFENDANTS Innovex and Ortho Biotech's employment of

DEFENDANT Ortiz, many levels of management personnel became actually or constructively

aware of the aggressive, oppressive, abusive, dangerous and harmful behavior of DEFENDANT

Ortiz toward female employees as evidenced by reports and complaints about DEFENDANT Ortiz

and by observation of his actions toward female employees compelled to work in proximity to him.

101.    Upon information and belief, at no time prior to or following the harassment, assault,

battery and abuse suffered at various times by PLAINTIFF did management personnel undertake

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 29 of 38

any employment-related interventions or disciplinary actions to address DEFENDANT Ortiz'
aggressive, oppressive, abusive, dangerous and harmful behavior toward female employees or the
continuing threat to PLAINTIFF and other female employees.

102.    It was unreasonable for DEFENDANTS Innovex and Ortho Biotech to neglect or to
refuse to take appropriate supervisory action with respect to DEFENDANT Ortiz in light of
PLAINTIFF's and other female employees' repeated complaints about his behavior, and
management personnel's active or constructive knowledge of DEFENDANT Ortiz' behavior and of
such complaints.

103.    It was unreasonable for DEFENDANTS Innovex and Ortho Biotech to neglect or to
refuse to increase its level of supervisory activity of DEFENDANT Ortiz in light of its actual or
constructive knowledge of his harassments of, threats against, and attacks upon female employees,
conducted on and off the premises of DEFENDANTS Innovex and Ortho Biotech and during hours
of service.

104.    PLAINTIFF, as a female employee of DEFENDANTS Innovex and Ortho Biotech,
working in the area to which she was assigned and required by her job duties was within the zone of
foreseeable risks created by DEFENDANTS Innovex and Ortho Biotech's negligent supervision of
DEFENDANT Ortiz.

105.    The injuries suffered by PLAINTIFF were proximately caused by the breach of duty by
DEFENDANTS Innovex and Ortho Biotech in its negligent supervision of DEFENDANT Ortiz.

106.    As a result of the negligent supervision of and harassment, assault and battery by
DEFENDANTS Innovex and Ortho Biotech, and the hostile and retaliatory response of

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 30 of 38

management toward her in connection with same, PLAINTIFF experienced great shame, indignity, mortification and disgrace, mental anguish, inability to sleep, frequent nightmares, and unnatural fear in the work environment.

107.    As a result of the negligent supervision of and harassment, battery and assault by DEFENDANT Ortiz, and the retaliatory response from DEFENDANTS Innovex and Ortho Biotech to her complaints, PLAINTIFF experienced intensified shame, indignity, mortification and disgrace, mental anguish, inability to sleep, frequent nightmares, and an unnatural fear in the work environment because of the nature and her illness and the obsession of DEFENDANT Ortiz with PLAINTIFF's body, breasts, and underwear.

108.    As a result of the negligent supervision of and harassment, battery and assault by DEFENDANT Ortiz, and the retaliatory response from DEFENDANTS Innovex and Ortho Biotech to her complaints, PLAINTIFF experienced great shame, indignity, mortification and disgrace, mental anguish, inability to sleep, and began and continued to suffer severe headaches, muscular tension, constant anxiety and other stress-related conditions causing a greatly diminished ability to remain gainfully employed, as well as incurring expenses for medical and psychological care.

WHEREFORE, PLAINTIFF requests this Court to assume jurisdiction and demands judgment for damages against DEFENDANTS Innovex and Ortho Biotech.

## COUNT V
## NEGLIGENT RETENTION OF CRAIG PHILLIPS

109.    PLAINTIFF repeats and re-alleges the allegations contained in paragraphs 1 through 73 as if fully set forth here.

110.    DEFENDANTS Innovex and Ortho Biotech had a duty to conduct its retention of

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 31 of 38

employees in such a manner as to protect employees from harm practiced upon them their agents, servants, or employees.

111.    During the course of DEFENDANT Phillips' employment by DEFENDANTS Innovex and Ortho Biotech, many levels of management personnel became actually or constructively aware of the aggressive, oppressive, abusive, dangerous and harmful behavior of DEFENDANT Phillips toward female employees, as evidenced by the repeated reports and complaints regarding same, and by observation of his actions toward female employees forced to work in proximity to him.

112.    The existence and implementation of appropriate retention policies on the part of DEFENDANTS Innovex and Ortho Biotech would have revealed the unsuitability of retaining DEFENDANT Phillips in a job placing him in unrestricted close proximity to unprotected female employees.

113.    In light of the information actually or constructively known by them, it was unreasonable for DEFENDANTS Innovex and Ortho Biotech to retain DEFENDANT Phillips in said employment capacity.

114.    PLAINTIFF, as a female employee of DEFENDANTS Innovex and Ortho Biotech, working in the area to which she was assigned and required by her job duties to be in the vicinity, was within the zone of foreseeable risks created by DEFENDANTS Innovex and Ortho Biotech' negligent retention of DEFENDANT Phillips.

115.    As a result of the negligent retention of and harassment, assault and battery by DEFENDANT Phillips, and the hostile responses of management personnel toward her in connection with same, PLAINTIFF experienced great shame, indignity, mortification and disgrace,

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 32 of 38

mental anguish, inability to sleep, frequent nightmares, and unnatural fear in her work environment.

116.    As a result of the negligent retention of and harassment, assault and battery by DEFENDANT Phillips, and the retaliatory response from management personnel to her complaints, PLAINTIFF experienced great indignity, mortification and disgrace, mental anguish and inability to sleep, and began and continued to suffer severe headaches, muscular tension, constant anxiety and other stress-related conditions, as well as incurring expenses for medical and psychological care.

WHEREFORE, PLAINTIFF requests this Court to assume jurisdiction and demands judgment for damages against DEFENDANTS Innovex and Ortho Biotech.

## COUNT VI
## NEGLIGENT RETENTION OF WILBERTO ORTIZ

117.    PLAINTIFF repeats and re-alleges the allegations contained in paragraphs 1 through 73 as if fully set forth here.

118.    DEFENDANTS Innovex and Ortho Biotech had a duty to conduct its retention of employees in such a manner as to protect employees from harm practiced upon them their agents, servants, or employees.

119.    During the course of DEFENDANT Ortiz' employment by DEFENDANTS Innovex and Ortho Biotech, many levels of management personnel became actually or constructively aware of the aggressive, oppressive, abusive, dangerous and harmful behavior of DEFENDANT Ortiz toward female employees, as evidenced by the repeated reports and complaints regarding same, and by observation of his actions toward female employees forced to work in proximity to him.

120.    The existence and implementation of appropriate retention policies on the part of DEFENDANTS Innovex and Ortho Biotech would have revealed the unsuitability of retaining

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 33 of 38

DEFENDANT Ortiz in a job placing him in unrestricted close proximity to unprotected female employees.

121.    In light of the information actually or constructively known by them, it was unreasonable for DEFENDANTS Innovex and Ortho Biotech to retain DEFENDANT Ortiz in said employment capacity.

122.    PLAINTIFF, as a female employee of DEFENDANTS Innovex and Ortho Biotech, working in the area to which she was assigned and required by her job duties to be in the vicinity, was within the zone of foreseeable risks created by DEFENDANTS Innovex and Ortho Biotech' negligent retention of DEFENDANT Ortiz.

123.    As a result of the negligent retention of and harassment, assault and battery by DEFENDANT Ortiz, and the hostile responses of management personnel toward her in connection with same, PLAINTIFF experienced great shame, indignity, mortification and disgrace, mental anguish, inability to sleep, frequent nightmares, and unnatural fear in her work environment.

124.    As a result of the negligent retention of and harassment, assault and battery by DEFENDANT Ortiz, and the retaliatory response from management personnel to her complaints, PLAINTIFF experienced great indignity, mortification and disgrace, mental anguish and inability to sleep, and began and continued to suffer severe headaches, muscular tension, constant anxiety and other stress-related conditions, as well as incurring expenses for medical and psychological care.

WHEREFORE, PLAINTIFF requests this Court to assume jurisdiction and demands judgment for damages against DEFENDANTS Innovex and Ortho Biotech.

**COUNT VII**
**EMPLOYMENT DISCRIMINATION UNDER**

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 34 of 38

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1962, AS AMENDED BY THE EQUAL EMPLOYMENT OPPORTUNITY ACT OF 1972 AND BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. SECTIONS 2000E-2000E-17.

125.    PLAINTIFF repeats and re-alleges the allegations contained in paragraphs 1 through 73 as if fully set forth here.

126.    PLAINTIFF timely filed two employment discrimination complaints with FCHR and EEOC, thereby exhausting her administrative remedies.

127.    PLAINTIFF's EEO complaints alleged discrimination against her on the basis of her sex (female), sexual harassment and retaliation among other things.

128.    PLAINTIFF is a member of a protected class (female) under Title VII.

129.    PLAINTIFF was qualified for her position as an NNE and had been performing her job successfully.

130.    PLAINTIFF was actively discouraged by DEFENDANTS Innovex and Ortho Biotech employees from complaining about sexual harassment.

131.    PLAINTIFF attempted to seek assistance from DEFENDANTS Innovex and Ortho Biotech management with regard to the sexual harassment that was being inflicted on her.

132.    DEFENDANTS Innovex and Ortho Biotech intentionally discriminated against PLAINTIFF on the basis of her sex (female) and sexual harassment by refusing and failing to protect her from the offensive, abusive and harassing behavior of employees Phillips and Ortiz.

133.    DEFENDANTS Innovex and Ortho Biotech retaliated against PLAINTIFF on the basis of her protected activity when management made critical remarks to PLAINTIFF about the dangers of filing a complaint against an employee for sexual harassment.

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 35 of 38

134.    DEFENDANTS Innovex and Ortho Biotech retaliated against PLAINTIFF when management placed her on PIP for alleged infractions that were not genuine.

135.    DEFENDANTS Innovex and Ortho Biotech retaliated against PLAINTIFF when they contrived to "write her up" for additional alleged infractions that either did not occur or were similar to actions by other employees for which the other employees were not disciplined.

136.    DEFENDANTS Innovex and Ortho Biotech retaliated against PLAINTIFF when they refused to reassign PLAINTIFF to a territory not supervised by DEFENDANT Ortiz.

137.    DEFENDANTS Innovex and Ortho Biotech discriminated and retaliated against PLAINTIFF when said DEFENDANTS terminated PLAINTIFF's employment.

WHEREFORE, PLAINTIFF requests this Court to assume jurisdiction and demands judgment for damages against DEFENDANTS Innovex and Ortho Biotech.

## COUNT VIII
## EMPLOYMENT DISCRIMINATION UNDER
## THE AMERICANS WITH DISABILITIES ACT OF 1990,
## 42 U.S.C. SECTIONS 12101, *et seq.*

138.    PLAINTIFF repeats and re-alleges the allegations contained in paragraphs 1 through 73 as if fully set forth here.

139.    PLAINTIFF timely filed employment discrimination complaints with FCHR and EEOC, thereby exhausting her administrative remedies.

140.    PLAINTIFF's EEO complaints alleged DEFENDANTS Innovex and Ortho Biotech discriminated against her on the basis of her disabilities when it refused to grant her requests for accommodations.

141.    DEFENDANTS Innovex and Ortho Biotech intentionally discriminated against

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 36 of 38

PLAINTIFF on the basis of her disabilities when it placed her on a PIP which increased the amount of reporting that PLAINTIFF had to submit, thus, unreasonably increasing stress on PLAINTIFF which exacerbated her disabilities.

142.    DEFENDANTS Innovex and Ortho Biotech retaliated against PLAINTIFF when management began to "write her up" for alleged infractions that were not genuine or substantiated, thus increasing PLAINTIFF's stress levels and exacerbating her disabilities.

WHEREFORE, PLAINTIFF requests this Court to assume jurisdiction and demands judgment for damages against DEFENDANTS Innovex and Ortho Biotech.

## COUNT IX
## EMPLOYMENT DISCRIMINATION UNDER
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT,
## 29 U.S.C. SECTION 623(a), *et seq.*

143.    PLAINTIFF repeats and re-alleges the allegations contained in paragraphs 1 – 73 as fully set forth here.

144.    PLAINTIFF timely filed employment discrimination complaints with FCHR and EEO, thereby exhausting her administrative remedies.

145.    DEFENDANTS Innovex and Ortho Biotech intentionally discriminated against PLAINTIFF on the basis of her age when said DEFENDANTS Innovex and Ortho Biotech's repeatedly refused or failed to consider PLAINTIFF's applications for NPS positions.

146.    DEFENDANTS Innovex and Ortho Biotech discriminated against PLAINTIFF on the basis of her age when said DEFENDANTS Innovex and Ortho Biotech hired younger, less qualified individuals for NPS positions on at least three occasions during PLAINTIFF's employment with said DEFENDANTS.

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 37 of 38

147.    DEFENDANTS Innovex and Ortho Biotech discriminated against PLAINTIFF on the basis of her age when said DEFENDANTS hired a younger, less qualified person to replace PLAINTIFF after the termination of her employment.

WHEREFORE, PLAINTIFF requests this Court to assume jurisdiction and demands judgment for damages against DEFENDANTS Innovex and Ortho Biotech.

## PRAYER FOR RELIEF

PLAINTIFF respectfully requests this Court to:

1.    Assume jurisdiction over this action.

2.    Enter judgment in favor of PLAINTIFF for such back-pay and value for lost employment benefits as may be found by a jury.

3.    Direct DEFENDANTS Innovex and Ortho Biotech to expunge from their records all negative annotations regarding PLAINTIFF's employment.

4.    Enter judgment for such amount as may be awarded for compensatory damages.

5.    Award the PLAINTIFF punitive damages pursuant to the provisions of TITLE VII and the ADA.

6.    Award the PLAINTIFF all costs and attorney's fees incurred in connection with this action.

7.    Award the PLAINTIFF damages for mental and emotional anguish.

8.    Grant PLAINTIFF's request for a jury trial as to all counts.

9.    Grant such additional or alternative relief as may appear to the Court to be just and

United States District Court
Middle District of Florida, Ocala Division
Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination
Beth Ann Smith v. Quintiles, Innovex and Ortho Biotech, Craig Phillips and Wilberto Ortiz
August 16, 2005
Page 38 of 38


equitable.


I understand that I am swearing to or affirming under oath to the truthfulness of the claims made in this Complaint and that the punishment for knowingly making a false statement includes fines and/or imprisonment.


s/Beth Ann Smith
Beth Ann Smith

**Samuel A. Mutch, P.A.**
Attorneys for PLAINTIFF


By:s/Samuel A. Mutch
Samuel A. Mutch, Trial Counsel
Florida Bar No. 947342
2114 NW 40th Terrace, Suite A-1
Gainesville, FL  32605
(352) 378-5599 (phone)
(352) 378-3388 (fax)