# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**BETH ANN SMITH,**

       **Plaintiff,**

**vs.**                    **CASE NO.: 5:04-CV-657-OC-10GRJS**

**QUINTILES TRANSNATIONAL CORP.,**
**INNOVEX INC. ORTHO BIOTECH, INC.,**
**CRAIG PHILLIPS AND**
**WILBERTO ORTIZ,**

       **Defendants.**

_____/

## DEFENDANT ORTHO BIOTECH'S  SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant ORTHO BIOTECH, INC. (hereinafter "Defendant" or "Ortho Biotech"), by and through its undersigned counsel, and hereby answers the consecutively numbered Paragraphs of the Second Amended Complaint filed by Plaintiff BETH ANN SMITH (hereinafter "Plaintiff") as follows:

1.    Ortho Biotech denies the allegations contained in Paragraph 1 of Plaintiff's Second Amended Complaint.

2.    Ortho Biotech admits, for jurisdictional purposes only, that this purports to be an action brought pursuant to 42 U.S.C. 2000*e et seq.,* 29 U.S.C. Section 623, *et seq.*, 42 U.S.C. Section 12101, *et seq.*, and 29 U.S.C. Section 1367.

3.    Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

Orlando 71268.1

4.      Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

5.      Ortho Biotech admits that it is a corporation doing business in Florida and elsewhere in the United States.   Ortho Biotech otherwise denies the remaining allegations contained in Paragraph 5 of Plaintiff's Second Amended Complaint.

6.      Ortho Biotech admits the allegations contained in Paragraph 6 of Plaintiff's Second Amended Complaint.

7.      Ortho Biotech admits it employed Wilberto Ortiz and that he performed duties on behalf of  Ortho Biotech throughout Florida and the United States and that he is a resident of Florida.   Ortho Biotech otherwise denies the remaining allegations contained in Paragraph 7 of Plaintiff's Second Amended Complaint.

8.      Ortho Biotech admits it employed Craig Phillips and that he performed duties on behalf of Ortho Biotech throughout Florida and the United States.   Ortho Biotech otherwise denies the remaining allegations contained in Paragraph 8 of Plaintiff's Second Amended Complaint.

9.      Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

10.      Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

11.    Ortho Biotech denies the allegations contained in Paragraph 11 of Plaintiff's Second Amended Complaint.

12.    Ortho Biotech admits that it employed Defendants Phillips and Ortiz. Ortho Biotech otherwise denies the remaining allegations contained in Paragraph 12 of Plaintiff's Second Amended Complaint.

13.    Ortho Biotech admits that it is responsible for the development and implementation of hiring practices and for the hiring, retention and supervision of its managers and employees.  Ortho Biotech otherwise denies the remaining allegations contained in Paragraph 13 of Plaintiff's Second Amended Complaint.

14.    Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

15.    Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

16.    Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

17.    Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 17 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

18.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

19.     Ortho Biotech denies the allegations contained in Paragraph 19 of Plaintiff's Second Amended Complaint.

20.     Ortho Biotech denies the allegations contained in Paragraph 20 of Plaintiff's Second Amended Complaint.

21.     Ortho Biotech denies the allegations contained in Paragraph 21 of Plaintiff's Second Amended Complaint.

22.     Ortho Biotech denies that it provided Plaintiff with business cards.  Ortho Biotech is without sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 22 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

23.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 23 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

24.     Ortho Biotech denies the allegations contained in Paragraph 24 of Plaintiff's Second Amended Complaint.

25.     Ortho Biotech denies the allegations contained in Paragraph 25 of Plaintiff's Second Amended Complaint.

26.     Ortho Biotech denies the allegations contained in Paragraph 26 of Plaintiff's Second Amended Complaint.

27.     Ortho Biotech denies the allegations contained in Paragraph 27 of Plaintiff's Second Amended Complaint.

28.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 28 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

29.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 29 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

30.     Ortho Biotech denies the allegations contained in Paragraph 30 of Plaintiff's Second Amended Complaint.

31.     Ortho Biotech denies the allegations contained in Paragraph 31 of Plaintiff's Second Amended Complaint.

32.     Ortho Biotech denies the allegations contained in Paragraph 32 of Plaintiff's Second Amended Complaint.

33.     Ortho Biotech denies the allegations contained in Paragraph 33 of Plaintiff's Second Amended Complaint.

34.     Ortho Biotech denies the allegations contained in Paragraph 34 of Plaintiff's Second Amended Complaint.

35.     Ortho Biotech denies that Plaintiff suffered physical assault and battery by Defendant Phillips. Ortho Biotech otherwise is without sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 35 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

36.     Ortho Biotech denies the allegations contained in Paragraph 36 of Plaintiff's Second Amended Complaint.

37.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 37 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

38.     Ortho Biotech denies the allegations contained in Paragraph 38 of Plaintiff's Second Amended Complaint.

39.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 39 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

40.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 40 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

41.      Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 41 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

42.      Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 42 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

43.      Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 43 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

44.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 44 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

45.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 45 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

46.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 46 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

47.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 47 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

48.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 48 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

49.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 49 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

50.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 50 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

51.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 51 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

52.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 52 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

53.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 53 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

54.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 54 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

55.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 55 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

56.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 56 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

57.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 57 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

58.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 58 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

59.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 59 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

60.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 60 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

61.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 61 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

62.     Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 62 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

63.     Ortho Biotech denies the allegations contained in Paragraph 63 of Plaintiff's Second Amended Complaint.

64.     Ortho Biotech denies the allegations contained in Paragraph 64 of Plaintiff's Second Amended Complaint.

65.     Ortho Biotech denies the allegations contained in Paragraph 65 of Plaintiff's Second Amended Complaint.

66.     Ortho Biotech denies the allegations contained in Paragraph 66 of Plaintiff's Second Amended Complaint.

67.    Ortho Biotech denies the allegations contained in Paragraph 67 of Plaintiff's Second Amended Complaint.

68.    Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 68 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

69.    Ortho Biotech denies the allegations contained in Paragraph 69 of Plaintiff's Second Amended Complaint.

70.    Ortho Biotech denies the allegations contained in Paragraph 70 of Plaintiff's Second Amended Complaint.

71.    Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 71 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

72.    Ortho Biotech denies the allegations contained in Paragraph 72 of Plaintiff's Second Amended Complaint.

73.    Ortho Biotech states that the document referenced in Paragraph 73 of Plaintiff's Second Amended Complaint, speaks for itself.    Ortho Biotech otherwise denies the remaining allegations contained in Paragraph 73 of Plaintiff's Second Amended Complaint.

**COUNT I**
**DIRECT AND VICARIOUS LIABILITY**
**FOR ASSAULT AND BATTERY OF PLAINTIFF BY DEFENDANT CRAIG PHILLIPS**

74.    Ortho Biotech realleges and incorporates herein its answers to Paragraphs 1 through 73 above.

75.    Ortho Biotech denies the allegations contained in Paragraph 75 of Plaintiff's Second Amended Complaint.

76.    Ortho Biotech denies the allegations contained in Paragraph 76 of Plaintiff's Second Amended Complaint.

77.    Ortho Biotech denies the allegations contained in Paragraph 77 of Plaintiff's Second Amended Complaint.

78.    Ortho Biotech denies the allegations contained in Paragraph 78 of Plaintiff's Second Amended Complaint.

79.    Ortho Biotech denies the allegations contained in Paragraph 79 of Plaintiff's Second Amended Complaint.

Ortho Biotech denies the allegations contained in the unnumbered "Wherefore" Paragraph following Paragraph 79 of Plaintiff's Second Amended Complaint.

**COUNT II**
**DIRECT AND VICARIOUS LIABILITY**
**FOR ASSAULT AND BATTERY OF PLAINTIFF**
**BY DEFENDANT WILBERTO ORTIZ**

80.    Ortho Biotech realleges and incorporates herein its answers to Paragraphs 1 through 73 above.

81.    Ortho Biotech denies the allegations contained in Paragraph 81 of Plaintiff's Second Amended Complaint.

82.    Ortho Biotech denies the allegations contained in Paragraph 82 of Plaintiff's Second Amended Complaint.

83.    Ortho Biotech denies the allegations contained in Paragraph 83 of Plaintiff's Second Amended Complaint.

Orlando 71268.1

11

84.     Ortho Biotech denies the allegations contained in Paragraph 84 of Plaintiff's Second Amended Complaint.

Ortho Biotech denies the allegations contained in the unnumbered "Wherefore" Paragraph following Paragraph 84 of Plaintiff's Second Amended Complaint.

**COUNT III**
**NEGLIGENT SUPERVISION OF CRAIG PHILLIPS**

85.     Ortho Biotech realleges and incorporates herein its answers to Paragraphs 1 through 73 above.

86.     Ortho Biotech denies the allegations contained in Paragraph 86 of Plaintiff's Second Amended Complaint on the grounds that it calls for a legal conclusion.

87.     Ortho Biotech denies the allegations contained in Paragraph 87 of Plaintiff's Second Amended Complaint.

88.     Ortho Biotech denies the allegations contained in Paragraph 88 of Plaintiff's Second Amended Complaint.

89.     Ortho Biotech denies the allegations contained in Paragraph 89 of Plaintiff's Second Amended Complaint.

90.     Ortho Biotech denies the allegations contained in Paragraph 90 of Plaintiff's Second Amended Complaint.

91.     Ortho Biotech denies the allegations contained in Paragraph 91 of Plaintiff's Second Amended Complaint.

92.     Ortho Biotech denies the allegations contained in Paragraph 92 of Plaintiff's Second Amended Complaint.

93.     Ortho Biotech denies the allegations contained in Paragraph 93 of Plaintiff's Second Amended Complaint.

94.     Ortho Biotech denies the allegations contained in Paragraph 94 of Plaintiff's Second Amended Complaint.

95.     Ortho Biotech denies the allegations contained in Paragraph 95 of Plaintiff's Second Amended Complaint.

96.     Ortho Biotech denies the allegations contained in Paragraph 96 of Plaintiff's Second Amended Complaint.

Ortho Biotech denies the allegations contained in the unnumbered "Wherefore" Paragraph following Paragraph 96 of Plaintiff's Second Amended Complaint.

## COUNT IV
## NEGLIGENT SUPERVISION OF WILBERTO ORTIZ

97.     Ortho Biotech realleges and incorporates herein its answers to Paragraphs 1 through 73 above.

98.     Ortho Biotech denies the allegations contained in Paragraph 98 of Plaintiff's Second Amended Complaint on the grounds that it calls for a legal conclusion.

99.     Ortho Biotech denies the allegations contained in Paragraph 99 of Plaintiff's Second Amended Complaint.

100.    Ortho Biotech denies the allegations contained in Paragraph 100 of Plaintiff's Second Amended Complaint.

101.    Ortho Biotech denies the allegations contained in Paragraph 101 of Plaintiff's Second Amended Complaint.

102.    Ortho Biotech denies the allegations contained in Paragraph 102 of Plaintiff's Second Amended Complaint.

103.    Ortho Biotech denies the allegations contained in Paragraph 103 of Plaintiff's Second Amended Complaint.

104.    Ortho Biotech denies the allegations contained in Paragraph 104 of Plaintiff's Second Amended Complaint.

105.    Ortho Biotech denies the allegations contained in Paragraph 105 of Plaintiff's Second Amended Complaint.

106.    Ortho Biotech denies the allegations contained in Paragraph 106 of Plaintiff's Second Amended Complaint.

107.    Ortho Biotech denies the allegations contained in Paragraph 107 of Plaintiff's Second Amended Complaint.

108.    Ortho Biotech denies the allegations contained in Paragraph 108 of Plaintiff's Second Amended Complaint.

Ortho Biotech denies the allegations contained in the unnumbered "Wherefore" Paragraph following Paragraph 108 of Plaintiff's Second Amended Complaint.

## COUNT V
## NEGLIGENT RETENTION OF CRAIG PHILLIPS

109.    Ortho Biotech realleges and incorporates herein its answers to Paragraphs 1 through 73 above.

110.    Ortho Biotech denies the allegations contained in Paragraph 110 of Plaintiff's Second Amended Complaint on the grounds that it calls for a legal conclusion.

111.   Ortho Biotech denies the allegations contained in Paragraph 111 of Plaintiff's Second Amended Complaint.

112.   Ortho Biotech denies the allegations contained in Paragraph 112 of Plaintiff's Second Amended Complaint.

113.   Ortho Biotech denies the allegations contained in Paragraph 113 of Plaintiff's Second Amended Complaint.

114.   Ortho Biotech denies the allegations contained in Paragraph 114 of Plaintiff's Second Amended Complaint.

115.   Ortho Biotech denies the allegations contained in Paragraph 115 of Plaintiff's Second Amended Complaint.

116.   Ortho Biotech denies the allegations contained in Paragraph 116 of Plaintiff's Second Amended Complaint.

Ortho Biotech denies the allegations contained in the unnumbered "Wherefore" Paragraph following Paragraph 116 of Plaintiff's Second Amended Complaint.

## COUNT VI
## NEGLIGENT RETENTION OF WILBERT ORTIZ

117.   Ortho Biotech realleges and incorporates herein its answers to Paragraphs 1 through 73 above.

118.   Ortho Biotech denies the allegations contained in Paragraph 118 of Plaintiff's Second Amended Complaint on the grounds that it calls for a legal conclusion.

119.   Ortho Biotech denies the allegations contained in Paragraph 119 of Plaintiff's Second Amended Complaint.

120.    Ortho Biotech denies the allegations contained in Paragraph 120 of Plaintiff's Second Amended Complaint.

121.    Ortho Biotech denies the allegations contained in Paragraph 121 of Plaintiff's Second Amended Complaint.

122.    Ortho Biotech denies the allegations contained in Paragraph 122 of Plaintiff's Second Amended Complaint.

123.    Ortho Biotech denies the allegations contained in Paragraph 123 of Plaintiff's Second Amended Complaint.

124.    Ortho Biotech denies the allegations contained in Paragraph 124 of Plaintiff's Second Amended Complaint.

Ortho Biotech denies the allegations contained in the unnumbered "Wherefore" Paragraph following Paragraph 124 of Plaintiff's Second Amended Complaint.

**COUNT VII**
**EMPLOYMENT DISCRIMINATION UNDER**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1962, AS AMENDED BY**
**THE EQUAL EMPLOYMENT OPPORTUNITY ACT OF 1972 AND BY**
**THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. SECTIONS 2000E-2000E-17**

125.    Ortho Biotech realleges and incorporates herein its answers to Paragraphs 1 through 73 above.

126.    Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 126 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

127.   Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 127 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

128.   Although Plaintiff appears to be female, Defendant denies the remaining allegations contained in Paragraph 128 of Plaintiff's Second Amended Complaint on grounds it calls for a legal conclusion.

129.   Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 129 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

130.   Ortho Biotech denies the allegations contained in Paragraph 130 of Plaintiff's Second Amended Complaint.

131.   Ortho Biotech denies the allegations contained in Paragraph 131 of Plaintiff's Second Amended Complaint.

132.   Ortho Biotech denies the allegations contained in Paragraph 132 of Plaintiff's Second Amended Complaint.

133.   Ortho Biotech denies the allegations contained in Paragraph 133 of Plaintiff's Second Amended Complaint.

134.   Ortho Biotech denies the allegations contained in Paragraph 134 of Plaintiff's Second Amended Complaint.

135.   Ortho Biotech denies the allegations contained in Paragraph 135 of Plaintiff's Second Amended Complaint.

136.   Ortho Biotech denies the allegations contained in Paragraph 136 of Plaintiff's Second Amended Complaint.

137.   Ortho Biotech denies the allegations contained in Paragraph 137 of Plaintiff's Second Amended Complaint.

Ortho Biotech denies the allegations contained in the unnumbered "Wherefore" Paragraph following Paragraph 137 of Plaintiff's Second Amended Complaint.

**COUNT VIII**
**EMPLOYMENT DISCRIMINATION UNDER**
**THE AMERICANS WITH DISABILITY ACT OF 1990,**
**42. U.S.C. SECTION 12101, *et seq.***

138.   Ortho Biotech realleges and incorporates herein its answers to Paragraphs 1 through 73 above.

139.   Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 139 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

140.   Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 140 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

141.   Ortho Biotech denies the allegations contained in Paragraph 141 of Plaintiff's Second Amended Complaint.

142.   Ortho Biotech denies the allegations contained in Paragraph 142 of Plaintiff's Second Amended Complaint.

Ortho Biotech denies the allegations contained in the unnumbered "Wherefore" Paragraph following Paragraph 142 of Plaintiff's Second Amended Complaint.

**COUNT IX**
**EMPLOYMENT DISCRIMINATION UNDER**
**THE AGE DISCRIMINATION IN EMPLOYMENT ACT,**
**29 U.S.C. SECTION 623(a), *et seq.***

143.   Ortho Biotech realleges and incorporates herein its answers to Paragraphs 1 through 73 above.

144.   Ortho Biotech is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 144 of Plaintiff's Second Amended Complaint, and accordingly, denies same.

145.   Ortho Biotech denies the allegations contained in Paragraph 145 of Plaintiff's Second Amended Complaint.

146.   Ortho Biotech denies the allegations contained in Paragraph 146 of Plaintiff's Second Amended Complaint.

147.   Ortho Biotech denies the allegations contained in Paragraph 147 of Plaintiff's Second Amended Complaint.

Ortho Biotech denies the allegations contained in the unnumbered "Wherefore" Paragraph following Paragraph 147 of Plaintiff's Second Amended Complaint.

Ortho Biotech further denies each and every allegation contained in Plaintiff's Second Amended Complaint that is not expressly admitted herein.

## PRAYER FOR RELIEF

Ortho Biotech denies Plaintiff is entitled to the relief requested.

## STATEMENT OF DEFENSES

### FIRST DEFENSE

Plaintiff's claims fail on the grounds that they do not state causes of action upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims fail, in whole or in part, due to the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims fail because she has not exhausted her administrative remedies.

### FOURTH DEFENSE

Plaintiff's claims fail, in whole or in part, because Plaintiff has not mitigated her damages.

### FIFTH DEFENSE

Plaintiff's claims fail, in whole or in part, on the grounds that workers' compensation is her exclusive remedy.

### SIXTH DEFENSE

Plaintiff's claims against Defendant Ortho Biotech fail on the grounds that Ortho Biotech never employed Plaintiff.

### SEVENTH DEFENSE

Plaintiff's claims fail, in whole or in part, based on the doctrine of unclean hands.

### EIGHTH DEFENSE

Plaintiff has waived her claims because of her actions during and subsequent to her employment.

## NINTH DEFENSE

Plaintiff is estopped from raising her claims because of her actions during and subsequent to her employment.

## TENTH DEFENSE

Plaintiff's claims fail, in whole or in part, because the alleged actions of Defendant, even if they did occur, which they did not, were not unwanted, offensive, unconsented to, or against Plaintiff's will.

## ELEVENTH DEFENSE

Plaintiff's claims fail, in whole or in part, because Plaintiff did not have a reasonable fear, under the circumstances, of Defendant's ability to carry out the alleged threat of imminent bodily harm and contact.

## TWELFTH DEFENSE

Plaintiff's claims fail, in whole or in part, because even if the behavior alleged in the Second Amended Complaint did occur, which it did not, Defendant was justified in its actions.

## THIRTEENTH DEFENSE

Plaintiff's claims fail, in whole or in part, based on the doctrine of injury by a fellow servant.

## FOURTEENTH DEFENSE

Plaintiff's claims for punitive damages fail because all decisions and encounters made by Defendant with regard to Plaintiff were made in good faith, for legitimate business reasons, and were not in any manner willful or malicious, wanton or reckless.

## FIFTEENTH DEFENSE

Defendant Ortho Biotech took affirmative measures to provide a workplace free of violence and harassment.

## SIXTEENTH DEFENSE

Plaintiff's claims fail, in whole or in part, on the grounds that Defendant made all decisions concerning Plaintiff in good faith, without the intent to discriminate or retaliate, and for legitimate, nondiscriminatory and non-retaliatory reasons.

## SEVENTEENTH DEFENSE

Plaintiff's claims fail because Defendant responded to any Second Amended Complaints Plaintiff made with prompt and appropriate remedial action.

## EIGHTEENTH DEFENSE

Plaintiff's claims fail because the conduct of which Plaintiff complained does not rise to the level of creating a hostile work environment.

## NINETEENTH DEFENSE

Plaintiff's claims fail because Defendant exercised reasonable care to prevent and promptly correct any alleged harassment, but Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities or to avoid harm otherwise.

## TWENTIETH DEFENSE

Plaintiff's claims fail, in whole or in part, because Plaintiff did not suffer a tangible job detriment.

## TWENTY-FIRST DEFENSE

Plaintiff's claims for retaliation fail, in whole or in part, on the grounds that Defendant based all decisions concerning Plaintiff on legitimate factors other than her

opposition to an alleged unlawful practice of Defendant or participation in a statutorily protected activity.

## TWENTY-SECOND DEFENSE

Plaintiff's claims for discrimination fail, in whole or in part, on the grounds that Defendant based all decisions concerning Plaintiff on legitimate factors other than her gender, age, or alleged disability.

## TWENTY-THIRD DEFENSE

Plaintiff's course of conduct during her employment constitutes a waiver of the claims asserted in her Second Amended Complaint.

## TWENTY-FOURTH DEFENSE

Even if any decision regarding Plaintiff was based, in part, on her opposition to an alleged unlawful practice of Defendant or participation in a statutorily protected activity, which it was not, Defendant would have reached the same decision in any event.

## TWENTY-FIFTH DEFENSE

Even if any decision regarding Plaintiff was based, in part, on her gender, which it was not, Defendant would have reached the same decision in any event.

## TWENTY-SIXTH DEFENSE

Even if any decision regarding Plaintiff was based, in part, on her age, which it was not, Defendant would have reached the same decision in any event.

## TWENTY-SEVENTH DEFENSE

Even if any decision regarding Plaintiff was based, in part, on her alleged disability, which it was not, Defendant would have reached the same decision in any event.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent its employees were acting outside the course and scope of their employment in their actions with regard to Plaintiff.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the provisions contained in §768.096, Fla. Stat.

## THIRTIETH DEFENSE

Defendant reserves the right to modify and supplement its affirmative defenses and to plead additional affirmative defenses to the claims of Plaintiff based upon such factors and circumstances as become known to them subsequent to the date hereof.

WHEREFORE, Defendant JOHNSON & JOHNSON ORTHO BIOTECH prays for judgment as follows:

1.     That judgment be entered in favor of Ortho Biotech and against Plaintiff and that the Second Amended Complaint be dismissed with prejudice;

2.     That Ortho Biotech be awarded its costs of suit herein;

3.     That Ortho Biotech be awarded reasonable attorneys' fees as may be determined by  the Court; and

4.     For other and further relief as the Court may deem just and proper.

Orlando 71268.1

DATED this 6th day of September, 2005.

Respectfully submitted,

FISHER & PHILLIPS LLP
1250 Lincoln Plaza
300 South Orange Avenue
Orlando, Florida 32801
Telephone:   (407) 541-0888
 Facsimile:   (407) 541-0887

By:   <u>Anthony J. Hall</u>
Carlos J. Burruezo, Esq.
Florida Bar No. 843458
cburruezo@laborlawyers.com

Anthony J. Hall, Esq.
Florida Bar No.: 0040924
ahall@laborlawyers.com

Natalie J. Storch, Esq.
Florida Bar No. 0269920
nstorch@laborlawyers.com

Attorneys for Defendant
JOHNSON & JOHNSON ORTHO
BIOTECH

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished Electronic Mail,  to: Samuel A. Mutch, Esquire, 2114 N.W. 40th Terrace. Suite A-1, Gainesville, FL 32605, Steven M. Fahlgren Esq., Law Offices of Steven M. Fahlgren, P.A., 4751 S. Conway Road, Orlando, FL  32812, Mary E. Lytle, Esq., Amari & Theriac, P.A., 96 Willard Street, Suite 302, Cocoa, FL 32922, Robert B. Buchanan, Esq., Siboni, Hamer & Buchanan, P.A., 307 Northwest Third Street, Ocala, FL 34475 and Diane L. Prucino, Esq., Kilpatrick Stockton LLP, Suite 2800, 1100 Peachtree Street, Atlanta, GA 30309-4530 this 6th day of September, 2005.

<u>Anthony J. Hall</u>
Anthony J. Hall, Esq.

Orlando 71268.1

25