# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

BETH ANN SMITH,               )
                             )
     Plaintiff,             )
                             )     Civil Action Case Number
QUINTILES TRANSNATIONAL   )     5:04-CV-657-OC-10GRJ
CORP., INNOVEX, INC., ORTHO   )
BIOTECH, INC., CRAIG PHILLIPS  )
and WILBUR ORTIZ,        )
                             )
     Defendants.          )
_____  )

## AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND CROSS-CLAIM OF DEFENDANT INNOVEX, INC. AGAINST ORTHO-BIOTECH, INC.

Defendant Innovex, Inc. ("Innovex") answers Plaintiff's Second Amended Complaint for Negligence, Assault and Battery, and Employment Discrimination (the "Complaint") and asserts its cross-claim against Ortho Biotech, Inc. as follows:

For the answers to the specific allegations of Plaintiff's Complaint, Innovex responds as follows:

1.     Innovex admits that Plaintiff purports to bring this action for damages in excess of $1,000.00.00, but denies that Plaintiff has asserted any viable claims in this action, and denies any wrongful conduct.

US2000 9640734.1

2.      Innovex admits that Plaintiff purports to predicate jurisdiction on the statutes cited, denies that Plaintiff has any viable claims pursuant to such laws, and denies any wrongful conduct.

3.      Innovex admits that Innovex is a Delaware corporation doing business within this judicial district and elsewhere in Florida and the United States, admits that Quintiles is a North Carolina corporation doing business within this judicial district and elsewhere in Florida and the United States, denies that Quintiles and Innovex are doing business together in the County of Marion, Florida, and state that the remaining allegations contained in paragraph 3 of the Complaint state a legal conclusion to which no response is required.

4.      Innovex admits the allegation contained in paragraph 4 of the Complaint.

5.      Innovex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Innovex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.      Innovex denies that Wilberto Ortiz was ever an agent or employee of Innovex, denies that Ortiz performed duties for it, admits that Mr. Ortiz was an employee of Ortho Biotech, states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Ortiz was a resident of Florida or an agent of Ortho Biotech, and states that the remaining allegations

2

contained in paragraph 7 of the Complaint state a legal conclusion to which no response is required.

8.     Innovex denies that Craig Phillips was an agent or employee of Innovex, denies that Mr. Phillips performed duties for it, admits that Mr. Phillips was an employee of Ortho Biotech, states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Phillips was a resident of Florida or an agent of Ortho Biotech, and states that the remaining allegations contained in paragraph 8 of the Complaint state a legal conclusion to which no response is required.

9.     Upon information and belief, Innovex admits the allegation contained in paragraph 9 of the Complaint.

10.     Innovex admits that Plaintiff was a Florida resident when employed by it and states that the remaining allegations contained in paragraph 10 of the Complaint state a legal conclusion to which no response is required.

11.     Innovex admits that Plaintiff was formerly its employee, admits that Plaintiff received employment instructions from Innovex in Florida and elsewhere in the United States, and denies the remaining allegations contained in paragraph 11 of the Complaint.

12.     Innovex admits that Ortho Biotech employed, managed, and supervised Mr. Ortiz and Mr. Phillips and denies the remaining allegations contained in paragraph 12 of the Complaint.

3

13.     Innovex admits that it was responsible for the development and/or implementation of its own hiring practices, admits that it was responsible for the hiring, retention, and supervision of Innovex management and employees, and denies the remaining allegations contained in paragraph 13 of the Complaint.

14.     Upon information and belief, Innovex admits the allegation contained in paragraph 14 of the Complaint.

15.     Upon information and belief, Innovex admits that Plaintiff is a veteran, but states that it is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 15 of the Complaint.

16.     Upon information and belief, Innovex admits that Plaintiff holds a Bachelor of Science and a Masters degree in Nursing, admits that at the time of her employment with Innovex Plaintiff was a registered nurse and licensed as an Advanced Registered Nurse Practitioner in Florida, and states that it is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 16 of the Complaint.

17.     Innovex admits that Plaintiff identified herself to Innovex as a "Special Disabled Veteran" and as an "individual with a disability," admits that Plaintiff indicated to Innovex that she has arthritis, denies that Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint.

US2000 9640734.1

18.     Innovex admits that Plaintiff was interviewed by Innovex for a position

with Innovex, admits that Plaintiff was interviewed by Innovex employee Chuck Lee

in April 2001, denies that Leon Robinson made the decision to hire Plaintiff, and

states that it is without knowledge or information sufficient to form a belief as to truth

of the remaining allegations contained in paragraph 18 of the Complaint.

19.     Innovex admits that Plaintiff was hired by it as a Nephrology Nurse

Educator ("NNE") on or about May 1, 2001, and denies the remaining allegations

contained in Paragraph 19 of the Complaint.

20.     Innovex admits that it exercised administrative control over matters

such as payroll, insurance benefits, vacation, sick time, and car allowances and

mileage for Plaintiff, admits that it worked collaboratively with Ortho Biotech to

develop Project ID 4085, and denies the remaining allegations contained in paragraph

20 of the Complaint.

21.     Innovex admits that Christina Sobkowiak, Billy Tingle, Rick Johnson,

Cheryl Ward, Amy Starr, and Mr. Ortiz were Nephrology Product Specialists

("NPS") for Ortho Biotech, states that it is without knowledge or information

sufficient to form a belief as to truth of the allegation that Donna Dalton was an NPS

for Ortho Biotech, and denies the remaining allegations contained in paragraph 21 of

the Complaint.

22.     Innovex admits that Plaintiff was provided with business cards by

Ortho Biotech, admits that those cards displayed the Ortho Biotech name, and states

US2000 9640734.1

that it is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 22 of the Complaint.

23.     Innovex admits that Plaintiff attended training sessions at Ortho Biotech's headquarters in New Jersey that were conducted by the individuals listed in paragraph 23 of the Complaint.

24.     Innovex denies the allegations contained in paragraph 24 of the Complaint.

25.     Innovex admits that Ortho Biotech held a National Plan of Action meeting at the Adolphus Hotel in Dallas, Texas, in October 2001, admits that the meeting was attended by Innovex and Ortho Biotech employees, and denies the remaining allegations contained in paragraph 25 of the Complaint.

26.     Innovex denies that Messrs. Phillips and Rucker and Ms. Anderson are Innovex employees and states that it is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 26 of the Complaint.

27.     Innovex states that it is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 27 of the Complaint.

28.     Innovex states that it is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 28 of the Complaint.

29.     Innovex states that it is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 29 of the Complaint.

6

30.     Innovex denies the allegations contained in paragraph 30 of the Complaint.

31.     Innovex denies that Plaintiff had no one to whom she could report alleged problems with Ms. Anderson, denies that Plaintiff lacked the authority to make such a report, denies that Innovex would or did cause Plaintiff to suffer negative consequences for any attempts to report alleged problems with Ms. Anderson, denies that Ms. Anderson supervised Jen Bonsall and Beth Morgan, denies that Plaintiff had no where to turn, admits that Ms. Bonsall and Ms. Morgan were Plaintiff's supervisors, and states that it is without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 31 of the Complaint.

32.     Innovex denies that it held or hosted a National POA meeting, and states that it is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 32 of the Complaint.

33.     Innovex admits that Plaintiff was on a marketing advisory board, states that it is without knowledge or information sufficient to form a belief as to truth of the allegation that Plaintiff was placed on that board in May 2002, and denies the remaining allegations contained in paragraph 33 of the Complaint.

34.     Innovex admits that Innovex and Ortho Biotech employees attended a meeting at a Hilton hotel in Buena Vista, Florida in June 2002, and states that it

7

without knowledge or information sufficient to form a belief as to truth of the remaining allegations contained in paragraph 34 of the Complaint.

35.     Innovex states that it is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 35 of the Complaint.

36.     Innovex states that it is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 36 of the Complaint.

37.     Innovex denies that Plaintiff requested transfers from the account and territory in which she worked with Ortiz, denies that such requests were denied by Innovex, denies that Innovex has a pattern of providing unpredictable, negative, or unsupportive responses to NNE complaints or concerns, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 of the Complaint.

38.     Innovex denies that it was involved in hosting or organizing any meeting in Charleston, South Carolina in October 2002, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint.

39.     Innovex denies that Innovex employees were required to attend a Christmas party, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of the Complaint.

40.     Innovex admits that the Innovex employee handbook directs employees to notify their supervisors of any sexual harassment, admits that Plaintiff was provided with a copy of the Innovex employee handbook, denies that the Innovex employee handbook directs employees to confront their alleged harassers before reporting alleged sexual harassment to a supervisor, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Complaint.

41.     Innovex admits that Plaintiff made a presentation at the National Plan of Action meeting in Los Angeles, California in or around January 2003, and denies the remaining allegations contained in paragraph 41 of the Complaint.

42.     Innovex admits that Plaintiff asked Meg Anderson about a new marketing tool, admits that Plaintiff was told that the use suggested by Plaintiff was inappropriate, admits that this training session occurred on January 20, 2003, and denies the remaining allegations contained in paragraph 42 of the Complaint.

43.     Innovex denies the allegations contained in paragraph 43 of the Complaint.

44.     Innovex admits that Ms. Anderson was upset about Plaintiff's reference to Congestive Heart Failure during her sales simulation activity, denies that Plaintiff gave the textbook answer to tester Carolyn Tenyke, denies that Plaintiff made no errors in her presentation, denies that Plaintiff was awarded the "Top Tier" award,

9

and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 of the Complaint.

45.     Innovex denies that Plaintiff was awarded the "Top Tier" award for her performance at the meeting and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45 of the Complaint.

46.     Innovex denies the allegations contained in paragraph 46 of the Complaint.

47.     Innovex denies that its employee handbook instructs employees to confront other employees about sexual harassment and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the Complaint.

48.     Innovex admits that Plaintiff was counseled by Ms. Bonsall on January 27, 2003 regarding a conversation Plaintiff had with Mr. Ortiz on January 23, 2003, admits that this conversation was reported to Ms. Bonsall by Mr. Robinson, and denies the remaining allegations contained in paragraph 48 of the Complaint.

49.     Innovex admits that Ms. Bonsall told Plaintiff that Mr. Robinson had advised Ms. Bonsall that Plaintiff had complained about her job duties and Innovex management, admits that Ms. Bonsall advised Plaintiff that she should contact Innovex's Human Resources Department if she was experiencing problems with Mr.

US2000 9640734.1

Ortiz, and denies the remaining allegations contained in paragraph 49 of the Complaint.

50.     Innovex admits that Plaintiff was put on a 90-day Performance Improvement Plan ("PIP") on January 27, 2003, admits that Plaintiff's inappropriate conversation with Mr. Ortiz was mentioned in the PIP, admits that the Plaintiff was not eligible for promotions or bonuses while on the PIP, and denies the remaining allegations contained in paragraph 50 of the Complaint.

51.     Innovex admits that Plaintiff's work was more carefully supervised while she was on the PIP, admits that Plaintiff was advised not to discuss the PIP with Ortho Biotech employees, and denies the remaining allegations contained in paragraph 51 of the Complaint.

52.     Innovex admits that Christine Marcello, a Senior Human Resources Manager for Innovex, contacted Plaintiff in late January 2003, admits that Ms. Marcello advised Plaintiff that Ms. Bonsall had asked her to call Plaintiff, admits that Ms. Marcello asked Plaintiff if she wished to discuss any complaints, admits that Plaintiff indicated that she did not wish to discuss any complaints, admits that Ms. Marcello advised Plaintiff that Plaintiff could call her again if she changed her mind, and denies the remaining allegations contained in paragraph 52 of the Complaint.

53.     Innovex denies that the PIP increased Plaintiff's workload, admits that Plaintiff did not require any accommodations, denies that until the PIP Plaintiff had performed all activities satisfactorily or above required standards, and is without

11

knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in paragraph 53 of the Complaint.

54.     Innovex denies the allegations contained in paragraph 54 of the Complaint.

55.     Innovex states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

56.     Innovex admits that Plaintiff asked Ms. Bonsall if she could submit reports the day after they were due, admits that such requests were denied, denies that such requests were described as requests for accommodation of an alleged disability, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56 of the Complaint.

57.     Innovex admits that Plaintiff was required to continue working on the account to which she was assigned while on the PIP, admits that Plaintiff had contact with Mr. Ortiz while working on that account, and denies the remaining allegations contained in paragraph 57 of the Complaint.

58.     Innovex states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff was receiving medical treatment in March 2003, and denies the remaining allegations contained in paragraph 58 of the Complaint.

12

59.     Innovex admits that in or around March 2003 Plaintiff asked that her reporting deadlines be extended, and denies the remaining allegations contained in paragraph 59 of the Complaint.

60.     Innovex admits that Plaintiff completed the PIP in April 2003, admits that Plaintiff was told that she was no longer required to send the reports required by the PIP, and denies the remaining allegations contained in paragraph 60 of the Complaint.

61.     Innovex admits that Plaintiff received a "satisfactory" rating on her 2003 performance evaluation from Ms. Morgan, and denies the remaining allegations contained in paragraph 61 of the Complaint.

62.     Innovex admits that Plaintiff was terminated on June 23, 2003, admits that Plaintiff was advised of her termination by Ms. Bonsall and Ms. Morgan via telephone, admits that Ms. Bonsall and Ms. Morgan are Innovex employees, admits that Plaintiff was advised that she had committed two policy violations within a six-month period, admits that Plaintiff was provided with a copy of the Innovex employee handbook, and denies the remaining allegations contained in paragraph 62 of the Complaint.

63.     Innovex admits that Plaintiff was counseled regarding the improper use of a company phone number on a flyer and denies the remaining allegations contained in paragraph 63 of the Complaint.

US2000 9640734.1

64.     Innovex admits that Plaintiff was advised that the use of a sign-up sheet during training programs was impermissible and denies the remaining allegations contained in paragraph 64 of the Complaint.

65.     Innovex denies the allegations contained in paragraph 65 of the Complaint.

66.     Innovex denies the allegations contained in paragraph 66 of the Complaint.

67.     Innovex denies the allegations contained in paragraph 67 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

68.     Innovex denies the allegations contained in paragraph 68 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

69.     Innovex denies that Mr. Phillips had a history of harassing Innovex employees, denies that Innovex management was aware of any such history, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 69 of the Complaint.

70.     Innovex denies that Mr. Ortiz had a history of harassing Innovex employees, denies that Innovex management was aware of any such history, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 70 of the Complaint

US2000 9640734.1

71.     Innovex denies that it selects individuals for NPS positions at Ortho Biotech and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 71 of the Complaint.

72.     Innovex denies that Plaintiff was employed by Ortho Biotech and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 72 of the Complaint.

73.     Innovex admits that Plaintiff filed a charge of discrimination, numbered FCHR Charge No. 200420372 and EEOC Charge No. 15DA400224, against "Quintiles/Innovex", denies that the charge against Quintiles/Innovex was filed on November 4, 2003, admits that the charge alleged sex and disability discrimination and retaliation, admits that Plaintiff filed a charge against Ortho Biotech, numbered FCHR Charge No. 200421675 and EEOC Charge No. 15DA4000770, denies that the second charge was an amendment to the first, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 73 of the Complaint.

**COUNT I**
**DIRECT AND VICARIOUS LIABILITY**
**FOR ASSAULT AND BATTERY BY DEFENDANT CRAIG PHILLIPS**

74.     Innovex repeats and incorporates by reference its responses to paragraphs 1-73 as if fully restated herein.

US2000 9640734.1

75.     Innovex denies the allegations contained in paragraph 75 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

76.     Innovex denies the allegations contained in paragraph 76 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

77.     Innovex denies the allegations contained in paragraph 77 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

78.     Innovex denies the allegations contained in paragraph 78 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

79.     Innovex denies the allegations contained in paragraph 79 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

In response to the unnumbered WHEREFORE paragraph immediately following paragraph 79 of the Complaint, Innovex denies that Plaintiff is entitled to any relief whatsoever.

16

US2000 9640734.1

**COUNT II**
**DIRECT AND VICARIOUS LIABILITY FOR ASSUALT AND**
**BATTERY OF PLAINTIFF BY DEFENDANT WILBERTO ORTIZ**

80.     Innovex repeats and incorporates by reference its responses to

paragraphs 1-73 as if fully restated herein.

81.     Innovex denies the allegations contained in paragraph 81 of the

Complaint that relate to it and is without knowledge or information sufficient to form

a belief regarding the truth of the allegations that relate to Ortho Biotech.

82.     Innovex denies the allegations contained in paragraph 82 of the

Complaint that relate to it and is without knowledge or information sufficient to form

a belief regarding the truth of the allegations that relate to Ortho Biotech.

83.     Innovex denies the allegations contained in paragraph 83 of the

Complaint that relate to it and is without knowledge or information sufficient to form

a belief regarding the truth of the allegations that relate to Ortho Biotech.

84.     Innovex denies the allegations contained in paragraph 84 of the

Complaint that relate to it and is without knowledge or information sufficient to form

a belief regarding the truth of the allegations that relate to Ortho Biotech.

In response to the unnumbered WHEREFORE paragraph immediately

following paragraph 84 of the Complaint, Innovex denies that Plaintiff is entitled to

any relief whatsoever.

17

US2000 9640734.1

## COUNT III
## NEGLIGENT SUPERVISION OF CRAIG PHILLIPS

85.     Innovex repeats and incorporates by reference its responses to paragraphs 1-73 as if fully restated herein.

86.     Innovex admits that it has an obligation to avoid unlawful treatment of its employees but denies the remaining allegations contained in paragraph 86 of the Complaint that relate to it.

87.     Innovex denies the allegations contained in paragraph 87 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

88.     Innovex denies the allegations contained in paragraph 88 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

89.     Innovex is unable to respond fully to the allegations contained in this paragraph because they are confusing and unclear.  However, Innovex denies that it was ever aware of alleged harassment, assault and battery, or abuse suffered by Plaintiff during her employment.

90.     Innovex denies the allegations contained in paragraph 90 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

US2000 9640734.1

91.     Innovex denies the allegations contained in paragraph 91 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

92.     Innovex denies the allegations contained in paragraph 92 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

93.     Innovex denies the allegations contained in paragraph 93 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

94.     Innovex denies the allegations contained in paragraph 94 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

95.     Innovex denies the allegations contained in paragraph 95 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

96.     Innovex denies the allegations contained in paragraph 96 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

In response to the unnumbered WHEREFORE paragraph immediately following paragraph 96 of the Complaint, Innovex denies that Plaintiff is entitled to any relief whatsoever.

## COUNT IV
## NEGLIGENT SUPERVISION OF WILBERTO ORTIZ

97.     Innovex repeats and incorporates by reference its responses to paragraphs 1-73 as if fully restated herein.

98.     Innovex admits that it has an obligation to avoid unlawful treatment of its employees but denies the remaining allegations contained in paragraph 98 of the Complaint that relate to it.

99.     Innovex denies the allegations contained in paragraph 99 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

100.    Innovex denies the allegations contained in paragraph 100 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

101.    Innovex denies the allegations contained in paragraph 101 of the Complaint.

102.    Innovex denies the allegations contained in paragraph 102 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

103.    Innovex denies the allegations contained in paragraph 103 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

US2000 9640734.1

104.    Innovex denies the allegations contained in paragraph 104 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

105.    Innovex denies the allegations contained in paragraph 105 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

106.    Innovex denies the allegations contained in paragraph 106 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

107.    Innovex denies the allegations contained in paragraph 107 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

108.    Innovex denies the allegations contained in paragraph 108 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

In response to the unnumbered WHEREFORE paragraph immediately following paragraph 108 of the Complaint, Innovex denies that Plaintiff is entitled to any relief whatsoever.

## COUNT V
## NEGLIGENT RETENTION OF CRAIG PHILLIPS

109.    Innovex repeats and incorporates by reference its responses to paragraphs 1-73 as if fully restated herein.

21

US2000 9640734.1

110.   Innovex admits that it has an obligation to avoid unlawful treatment of its employees but denies the remaining allegations contained in paragraph 110 of the Complaint that relate to it.

111.   Innovex denies the allegations contained in paragraph 111 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

112.   Innovex denies the allegations contained in paragraph 112 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

113.   Innovex denies the allegations contained in paragraph 113 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

114.   Innovex denies the allegations contained in paragraph 114 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

115.   Innovex denies the allegations contained in paragraph 115 of the Complaint.

116.   Innovex denies the allegations contained in paragraph 116 of the Complaint.

US2000 9640734.1

In response to the unnumbered WHEREFORE paragraph immediately following paragraph 116 of the Complaint, Innovex denies that Plaintiff is entitled to any relief whatsoever.

## COUNT VI
## NEGLIGENT RETENTION OF WILBERTO ORTIZ

117.    Innovex repeats and incorporates by reference its responses to paragraphs 1-73 as if fully restated herein.

118.    Innovex admits that it has an obligation to avoid unlawful treatment of its employees but denies the remaining allegations contained in paragraph 118 of the Complaint that relate to it.

119.    Innovex denies the allegations contained in paragraph 119 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

120.    Innovex denies the allegations contained in paragraph 120 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

121.    Innovex denies the allegations contained in paragraph 121 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

122.    Innovex denies the allegations contained in paragraph 122 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

23

123.    Innovex denies the allegations contained in paragraph 123 of the Complaint.

124.    Innovex denies the allegations contained in paragraph 124 of the Complaint.

In response to the unnumbered WHEREFORE paragraph immediately following paragraph 124 of the Complaint, Innovex denies that Plaintiff is entitled to any relief whatsoever.

**COUNT VII**
**EMPLOYMENT DISCRIMINATION UNDER TITLE VII OF THE**
**CIVIL RIGHTS ACT OF 1962, AS AMENDED BY**
**THE EQUAL EMPLOYMENT OPPORTUNITY ACT OF 1972**
**AND BY THE CIVIL RIGHTS ACT OF 1991,**
**42 U.S.C. SECTIONS 2000E-2000E-17**

125.    Innovex repeats and incorporates by reference its responses to paragraphs 1-73 as if fully restated herein.

126.    Innovex admits that Plaintiff filed two complaints with each of the EEOC and the FCHR, but denies that timely charges or complaints were filed relating to all of her claims.

127.    Innovex admits the allegations contained in paragraph 127 of the Complaint.

128.    Innovex admits the allegations contained in paragraph 128 of the Complaint.

24

129.    Innovex admits that Plaintiff appeared to be qualified for her position as an NNE, but denies the remaining allegations contained in paragraph 129 of the Complaint.

130.    Innovex denies the allegations contained in paragraph 130 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

131.    Innovex denies the allegations contained in paragraph 131 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

132.    Innovex denies the allegations contained in paragraph 132 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

133.    Innovex denies the allegations contained in paragraph 133 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

134.    Innovex denies the allegations contained in paragraph 134 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

135.    Innovex denies the allegations contained in paragraph 135 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

136.    Innovex denies the allegations contained in paragraph 136 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

137.    Innovex denies the allegations contained in paragraph 137 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

In response to the unnumbered WHEREFORE paragraph immediately following paragraph 137 of the Complaint, Innovex denies that Plaintiff is entitled to any relief whatsoever.

## COUNT VIII
## EMPLOYMENT DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. SECTIONS 12101, *et seq*.

138.    Innovex repeats and incorporates by reference its responses to paragraphs 1-73 as if fully restated herein.

139.    Innovex admits that Plaintiff filed two complaints with each of the EEOC and the FCHR, but denies that timely charges or complaints were filed relating to all of her claims.

140.    Innovex admits that the EEOC charge and FCHR complaint against it contained allegations of disability discrimination.

141.    Innovex denies the allegations contained in paragraph 141 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

26

142.     Innovex denies the allegations contained in paragraph 142 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

In response to the unnumbered WHEREFORE paragraph immediately following paragraph 142 of the Complaint, Innovex denies that Plaintiff is entitled to any relief whatsoever.

## COUNT IX
## EMPLOYMENT DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. SECTION 623(a), *et seq.*

143.     Innovex repeats and incorporates by reference its responses to paragraphs 1-73 as if fully restated herein.

144.     Innovex admits that Plaintiff filed two complaints with each of the EEOC and the FCHR, but denies that timely charges or complaints were filed relating to all of her claims.

145.     Innovex denies the allegations contained in paragraph 145 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

146.     Innovex denies the allegations contained in paragraph 146 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

US2000 9640734.1

147.    Innovex denies the allegations contained in paragraph 147 of the Complaint that relate to it and is without knowledge or information sufficient to form a belief regarding the truth of the allegations that relate to Ortho Biotech.

In response to the unnumbered WHEREFORE paragraph immediately following paragraph 147 of the Complaint, Innovex denies that Plaintiff is entitled to any relief whatsoever.

## FIRST DEFENSE

The Complaint fails to state a claim against Innovex upon which relief can be granted.

## SECOND DEFENSE

Some or all of Plaintiff's claims are barred by the exclusivity provision of Florida's workers' compensation law.

## THIRD DEFENSE

Innovex denies any discriminatory intent towards Plaintiff.  Regardless of any alleged intent, Innovex would have taken the same actions for legitimate, nondiscriminatory reasons.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by Innovex's good faith efforts to comply with the laws prohibiting discrimination.

US2000 9640734.1

## FIFTH DEFENSE

Innovex exercised reasonable care to prevent and/or correct promptly any allegedly discriminatory behavior that may have occurred, and Plaintiff has unreasonably failed to take advantage of any preventive or corrective opportunities provided by Innovex or otherwise to avoid harm.

## SIXTH DEFENSE

Any claim under Title VII that did not accrue within 300 days before the filing with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") of the charge of discrimination that provides the jurisdictional predicate for that claim is time-barred.

## SEVENTH DEFENSE

Any claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. that did not accrue within 300 days before the filing with the EEOC and the FCHR of the charge of discrimination that provides the jurisdictional predicate for that claim is time-barred.

## EIGHTH DEFENSE

Any claim under the Americans with Disabilities Act (the "ADA") that did not accrue within 300 days before the filing with the EEOC and the FCHR of the charge of discrimination that provides the jurisdictional predicate for that claim is time-barred.

US2000 9640734.1

## NINTH DEFENSE

Plaintiff was not a qualified individual with a disability and therefore did not satisfy the prerequisites to the maintenance of an action under the ADA.

## TENTH DEFENSE

The scope of the Complaint exceeds the scope of the charge of discrimination filed by Plaintiff with the FCHR and the EEOC and the investigation of those agencies reasonably related to the charge.  This Court is therefore without subject matter jurisdiction over such parts of Plaintiff's Complaint as are not reasonably related to her charge of discrimination.

## ELEVENTH DEFENSE

If Innovex's employees engaged in any wrongful conduct, which Innovex denies, such employees did so on their own behalf and outside the scope of their employment with Innovex.  Innovex had and has no knowledge of such conduct, nor did it authorize, direct, or have reason to know or suspect that such conduct would or did occur.

## TWELFTH DEFENSE

Innovex is not vicariously liable for the alleged discriminatory or wrongful employment decisions of alleged managerial agents because they are contrary to Innovex's good faith efforts to comply with the laws prohibiting discrimination.

US2000 9640734.1

## THIRTEENTH DEFENSE

This action is barred pursuant to the immunity and the exclusiveness of liability set forth in Fla. Stat. §440.11.

## FOURTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by her failure to mitigate her alleged damages, if any.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by Florida's impact rule because Plaintiff did not suffer a physical injury from an impact, or, alternatively, Plaintiff's claim for emotional distress damages is barred.

## SIXTEENTH DEFENSE

Plaintiff's claims for punitive damages must fail because all decisions made by Innovex regarding Plaintiff were made in good faith, for legitimate business reasons, and were not willful, malicious, wanton, or reckless.

## SEVENTEENTH DEFENSE

Plaintiff's claim for retaliation must fail on the ground that Innovex based all decisions concerning Plaintiff on legitimate factors other than her opposition to an allegedly unlawful practice of defendant or participation in a statutorily protected activity.

US2000 9640734.1

## EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims must fail because Plaintiff has not exhausted her administrative remedies.

## CROSS-CLAIM FOR INDEMNIFICATION AND/OR CONTRIBUTION AND FOR BREACH OF CONTRACT AGAINST ORTHO BIOTECH, INC.

As a cross-claim against defendant Ortho Biotech, Inc., hereinafter referred to as Cross-Defendant or Ortho Biotech, defendant and cross-claimant Innovex, Inc., hereinafter referred to as Cross-Claimant, alleges:

1.

Craig Phillips and Wilberto Ortiz are employed by Cross-Defendant.

2.

Cross-Claimant did not employ or otherwise control Craig Phillips.

3.

Cross-Claimant did not employ or otherwise control Wilberto Ortiz.

4.

Each of the claims asserted by Plaintiff in the Complaint are based upon or involve the actions or omissions of Cross-Defendant, its employees, agents, or servants.

5.

Accordingly, Cross-Defendant is liable to Cross-Claimant for all or part of the claims asserted in this action against Cross-Claimant.

32

US2000 9640734.1

6.

Additionally, Cross-Defendant and Cross-Claimant previously entered into a Master Services Agreement (attached hereto as Exhibit 1), which sets forth the terms and conditions upon which Ortho Biotech would engage Innovex to provide contract sales, marketing, and commercialization services for individual projects.

7.

As an employee of Innovex, Plaintiff was assigned to work on such a project.

8.

Pursuant to the Master Services Agreement, Cross-Defendant is bound to indemnify, defend, and hold Cross-Claimant harmless against losses in the event that Cross-Defendant's employees engage in willful misconduct, negligent acts, or violate federal or state laws applicable to their obligations under the Master Services Agreement.

9.

The Master Services Agreement requires Cross-Defendant and its employees to abide by federal anti-discrimination statutes, including but not limited to Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, and the Americans with Disabilities Act, when performing their duties under the agreement.

US2000 9640734.1

10.

Pursuant to the Master Services Agreement, Cross-Defendant is liable to Cross-Claimant for Plaintiff's claims of assault and battery; negligent supervision; negligent retention; discrimination on the basis of sex, sexual harassment, and retaliation under Title VII of the Civil Rights Act of 1964, as amended; disability discrimination and retaliation under the Americans with Disabilities Act; and age discrimination under the Americans with Disabilities Act.

11.

Upon information and belief, Cross-Defendant has entered into a settlement agreement with Plaintiff, and Plaintiff intends to dismiss Cross-Defendant from this lawsuit.

12.

Despite repeated requests for information regarding the status of any settlement discussions between Cross-Defendant and Plaintiff, Cross-Defendant did not advise Cross-Claimant of the settlement negotiations or invite Cross-Claimant to participate in the settlement process.

13.

By deliberately excluding Cross-Claimant from the settlement process, Cross-Defendant has hindered Cross-Claimant's ability to defend against Plaintiff's claims, as well as Cross-Claimant's ability to otherwise resolve the case, thereby violating its obligations under the Master Services Agreement to indemnify, defend, and hold

34

Cross-Claimant harmless for the actions of Cross-Defendant's managers or employees.

WHEREFORE, Cross-Claimant demands:

(a)     That Plaintiff take nothing on Plaintiff's action against Cross-Claimant;

(b)     That in the event that Cross-Claimant is held liable to Plaintiff in any amount, that Cross-Claimant be awarded judgment against Cross-Defendant in that amount;

(c)     That Cross-Claimant be awarded costs of this action, including reasonable attorneys' fees.

(d)     That Cross-Claimant be awarded such other and further relief as this Court may deem just and proper.

AND, having fully answered Plaintiff's Complaint, Defendant Innovex also prays as follows:

(a)     That judgment be entered against Plaintiff and in favor of Defendant Innovex;

(b)     That the Complaint be dismissed with prejudice, and that Innovex be discharged therefrom;

(c)     That judgment be entered against Plaintiff and in favor of Innovex for all costs in this action, including its attorneys' fees; and

(d)     That Innovex be awarded such other and further relief as this Court may deem just and proper.

35

This 4th day of January, 2007.

/s/ Katherine S. Birmingham
Diane L. Prucino
Georgia Bar No. 588888
Katherine S. Birmingham
Georgia Bar No. 058178
KILPATRICK STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4530
Tel.: (404) 815-6500
Fax: (404) 815-6555
Dprucino@KilpatrickStockton.com
Kbirmingham@KilpatrickStockton.com

Robert B. Buchanan
Florida Bar No. 063400
SIBONI, HAMER & BUCHANAN,
P.A.
307 Northwest Third Street
Ocala, FL  34475
Tel: (352) 629-7441
Fax: (352) 629-7745
rbbuchanan@shbocala.com

Attorneys for Defendant and Cross
Claimant Innovex, Inc.

36

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

| | | |
|---|---|---|
| BETH ANN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Case Number |
| QUINTILES TRANSNATIONAL | ) | 5:04-CV-657-OC-10GRJ |
| CORP., INNOVEX, INC., ORTHO | ) | |
| BIOTECH, INC., CRAIG PHILLIPS | ) | |
| and WILBERTO ORTIZ, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2007, I electronically filed the foregoing AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND CROSS-CLAIM OF DEFENDANT INNOVEX, INC. AGAINST ORTHO-BIOTECH, INC. with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Samuel A. Mutch, Esq.
2114 NW 40th Terrace
Suite A-1
Gainesville, FL 32605

Konstatine E. Pantas
The Pantas Law Firm
1720 S. Orange Avenue
3rd Floor
Orlando, FL  32806

Steven Michael Fahlgren, Esq.
Law Office of Steven M. Fahlgren,
P.A.
552318 U.S. Highway 1 North
Hilliard, FL 32046

Anthony Hall, Esq.
Fisher & Phillips, LLP
Lincoln Plaza, Suite 1250
300 S. Orange Avenue
Orlando, FL  32801

/s/ Katherine S. Birmingham
Attorney for Defendant and Cross
Claimant Innovex, Inc.

37

US2000 9640734.1