UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BETH ANN SMITH,

Plaintiff,

v. Case No. 5:04-cv-657-Oc-10GRJ

QUINTILES INTERNATIONAL, INNOVEX, AMERICAN HOLDING, and JOHNSON & JOHNSON ORTHO BIOTECH, and CRAIG PHILLIPS, and WILBERTO ORTIZ,

Defendants.

---

# REPORT AND RECOMMENDATION[1]

This matter is before the Court to consider Plaintiff's Objection To Assessment of Costs. (Doc. 127.) On July 19, 2007 the Court conducted a telephonic hearing on this matter. For the reasons discussed below, and for the reasons discussed by the Court during the hearing, Plaintiff's Objection To Assessment of Costs is due to be **DENIED** except to the limited extent detailed in this Order. Defendants shall therefore be entitled to assessment of costs in the total sum of **$12,185.52.**

## I. BACKGROUND

On April 11, 2007 judgment was entered in favor of Defendants Innovex, Inc. and Quintiles Transnational Corp. (the "Defendants") against Plaintiff on all counts of the Complaint in this case. (Doc. 121.) Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, as prevailing parties, Defendants timely filed a proposed Bill of Costs, with

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. §636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

attached brief in support of Bill of Costs, and supporting documentation, (Doc. 125) requesting that the Clerk tax costs against the Plaintiff in the total sum of $12,508.57. On April 27, 2007 the Clerk taxed costs against Plaintiff in the full amount requested by Defendants. On May 8, 2007 the Plaintiff filed her Objection To Assessment of Costs. (Doc. 127), objecting to several items of costs, each of which the Court will discuss below.[2]

## II. DISCUSSION

Rule 54(d) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." As the Eleventh Circuit has noted, "that provision establishes a *presumption* that costs are to be awarded to a prevailing party."[3] Although the rule vests the Court with discretion of "great latitude,"[4] it does not bestow upon the Court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case ... [such discretion] should be sparingly exercised with reference to expenses not specifically allowed by statute."[5]

---

[2] Rule 54(d)(1) requires that "On motion served within 5 days thereafter, the action of the clerk may be reviewed by the Court." Plaintiff filed her objections on May 8, 2007, which is one day past the deadline under the Rule. Notwithstanding the late filing the Court advised that it would address the Plaintiff's objections on the merits.

[3] Chapman v. AI Transport, 229 F. 3d 1012, 1038 (11th Cir. 2000)(*emphasis added*)("[The presumption that costs are to be awarded to a prevailing party rests, in part, on the concept that] denial of costs is in the nature of a penalty for some defection on the prevailing party's part during the litigation.")

[4] Loughan v. Firestone Tire & Rubber Company, 749 F. 2d 1519, 1526 (11th Cir. 1985).

[5] *See* Daugherty v. The Westminster Schools, Inc., 174 F.R.D. 118, 123 (N.D. Ga. 1997) *Citing* Farmer v. Arabian Am. Oil Company, 379 U.S. 227, 235 (1964).

***A. The Form of Oath In The Bill of Costs Was In Compliance With Federal Law***

As a threshold challenge to Defendants' Bill of Costs, Plaintiff raises the spurious argument that the entire bill of costs should be denied because the attorney who executed the declaration did not do so before a notary public or person having authority to administer oaths. This argument ignores the fact that one of the attorneys for the Defendant executed the Declaration at the end of the Bill of Costs directly below the following the statement "I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." The statement is in strict conformity with 28 U.S.C. § 1746, which authorizes the use of this language to support of any "sworn declaration, verification, certificate, statement, oath, or affidavit ... " when required by federal rule, regulation, order, or requirement of law. Accordingly, Plaintiff's blanket objection to the form of oath is without merit and is due to be overruled.

***B. Transcript of Deposition of Leon Robinson***

Although Plaintiff did not raise any objection to the $610.45 charge for the transcript of the deposition of Leon Robinson in the objections filed with the Court, at the hearing Plaintiff objected to this cost arguing that the Robinson transcript was not used on summary judgment and, therefore, is not an item of cost necessarily obtained for use in the case.

A review of the matters that were filed of record in support of and in opposition to Defendants' Motions for Summary Judgment discloses that Plaintiff is wrong. Indeed, Defendants cited to Mr. Robinson's deposition no less than 15 times on a variety of material issues.[6]

---

[6] Doc. 86.

Mr. Robinson was the district manager for the district serviced by Plaintiff. Innovex cited to Mr. Robinson's deposition to establish the corporate structure of Innovex, as well as the interrelated responsibility of Innovex and Ortho Biotech for the Nephrology Product Specialists, the position Plaintiff held with Innovex. Mr. Robinson's deposition was also used to establish that Plaintiff attended an Ortho Biotech meeting at which Plaintiff asked an "inappropriate" question regarding an "off-label" use for Procit, a drug for which Plaintiff was receiving marketing training. The results of this "inappropriate" question led to Innovex taking disciplinary action against Plaintiff and the implementation of a 90-day Performance Improvement Plan, which Plaintiff was required to comply with in order demonstrate improved job performance.

Consequently, there is no question that Mr. Robinson's deposition was "necessarily obtained for use in the case" and is, therefore, an appropriate item of cost that may be taxed against Plaintiff pursuant to 28 U.S.C. § 1920(2).[7] Accordingly, Plaintiff's objection to this item of costs is due to be overruled.

***C. Fees for Service of Subpoenas***

Plaintiff objects to the costs of serving two expedited subpoenas on Plaintiff's expert witness, Robert Moering, Psy.D. Plaintiff's objection to this cost is due to be overruled for the following reasons.

Although 28 U.S.C. § 1920(1) only states that fees of the clerk and marshal may be taxed as costs, the Eleventh Circuit has expanded this category and held that private

---

[7] Jeffries v. Georgia Residential Finance Authority, 90 F.R.D. 62, 64 (N.D. Ga. 1981)("The costs of a deposition employed in a successful motion for summary judgment may be taxed against the party that does not prevail.")

process server fees may be taxed pursuant to §1920(1). Therefore, as a general proposition, the Defendants are entitled to the costs of the fee for service of subpoenas on Plaintiff's expert.

The only real issue concerning this cost is whether Defendant is entitled to the costs of serving Dr. Moering twice, one charge of which was for serving him on an expedited basis. Defendants initially served Dr. Moering with a subpoena commanding him to appear at the offices of Plaintiff's counsel. According to the parties, after the subpoena was served on Dr. Moering, Plaintiff's counsel advised Defendants that the deposition would have to take place in Tampa at Dr. Moering's office for his convenience. As a result Defendants served a second subpoena on Dr. Moering on an expedited basis for his attendance at a deposition in Tampa. Accordingly, the service of the second subpoena and the cost of expedited service was not incurred for the convenience of Defendants but rather was incurred for the convenience of the expert witness and because Plaintiff's counsel directed that the deposition not be conducted at his office.

The invoice from Hunter's Run Process Serving breaks down the cost of service for both Dr. Moering and Ms. Cheryl Ward as follows: $80 per witness for the service, $116 for advanced witness fees, $20 convenience charge for advancing the witness fee, and $40 to serve Dr. Moering a second time.

The $160 charge for service on both witnesses is taxable as well as the $40 second service fee for Dr. Moering. The $116 charge for witness fees is also taxable as provided in 28 U.S.C. § 1920(3). However, the $20 accompanying service charge, was purely for the convenience of Defendants and is, therefore, not taxable. Accordingly, the

total taxable costs for service of subpoenas reflected on the Hunter's Run Process Serving invoice should be reduced from $336 to $316.

***D. Cost of Witnesses***

During the hearing, it was brought to the attention of the Court that the Bill of Cost inadvertently included two witness fee charges for Dr. Moering. The $40 witness fee for Dr. Moering reflected under paragraph 4(a) of Defendant's brief (attached to the Bill of Costs) is also reflected in paragraph 5(a) and, therefore, should be eliminated because it is a duplicate charge. Accordingly, the costs for witness fees in the amount of $1822.32 in the Bill of Costs is due to be reduced by $40 to properly reflect the sum of $1782.32.

Plaintiff has also challenged the taxation of deposition costs and travel costs incident to the deposition of Ms. Kelly Moye, a Quintiles corporate representative. Ms. Moye's travel expenses, which include airfare from North Carolina to New Jersey, and ground transportation from the Newark, NJ airport to the Defendants' corporate offices in Parsippany, New Jersey, total $1,396.40. According to Plaintiff, because Ms. Moye was not specifically identified as the corporate representative for Defendants Plaintiff should not be responsible for Ms. Moye's travel or transcript costs. Furthermore, Plaintiff contends that the cost of ground transportation from Newark to Parsippany for Ms. Moye should be for taxi service and not for sedan service.

Pursuant to 28 U.S.C. § 1920(3), taxation of witness fees is proper. However, witness fees are limited by 28 U.S.C. § 1821(b), which provides that a witness shall be paid an attendance fee of $40 per day for each day's attendance, as well as the actual

expenses of travel by common carrier, including toll charges and taxicab fares.[8] The distance traveled must be necessary and the expense of the travel must be at the "most economical rate reasonably available." Receipts or other evidence of actual cost must be furnished.[9]

Defendants have met their burden by providing receipts for the actual costs of Ms. Moye's travel. Moreover, Ms. Moye's travel from North Carolina to New Jersey was for the convenience of Plaintiff's counsel so that she, and the other corporate witnesses, would be available for telephonic deposition at one location rather than being available in different geographic locations - which would have resulted in Plaintiff's counsel incurring considerably more expense traveling to three different geographic locations to conduct depositions. Furthermore, while Ms. Moye used a sedan service rather than a taxicab, the $113.45 fee for the sedan service was not out of line with the cost of a taxicab.[10]

Accordingly, the Court concludes the costs of travel for Ms. Moye were reasonable and were appropriately included in the costs taxed in favor of Defendants.

### *E. Fees of the Court Reporter*

Plaintiff's written objections also include a challenge to the total costs for court reporters on the basis that the amounts reflected on the invoices do not equal the sum

---

[8] 28 U.S.C. § 1821(b) (2006); *See* Ferguson v. Bombardier Services, Corp., 2007 WL 601921 (M.D. Fla. 2007).

[9] Id.

[10] The fee included tolls and tip and according to the receipt took approximately 45 minutes. The Newark Liberty International Airport is located approximately 26.2 miles from Innovex's corporate offices in Parsippany, New Jersey. Distance available at www.maps.google.com. As such, the cost for a taxicab would have been anywhere from $65.00 to $100.00, without tips and tolls, a comparable charge to the use of a sedan service.

of $9,862.70 reflected on the Bill of Costs. However, during the hearing, it was discovered that Plaintiff had been missing an invoice and that with the missing invoice, Plaintiff agreed that the deposition fees correctly totaled $9,862.70.

In addition to the challenge to the calculation, Plaintiff also objects to the taxation of fees on the invoices of court reporters for postage, handling, exhibit copies, ASCII transcript charges and the furnishing of a CD-ROM of exhibits.[11]

With regard to postage and handling fees charged by court reporters to send copies of the transcripts to counsel, these costs may be taxable because such charges can be considered as "reasonable costs associated with depositions." [12] While normal postage charges for delivery of transcripts may be reasonable the Court concludes that Federal Express charges are not taxable because they are solely for the convenience of counsel for the Defendants. Accordingly, the Court concludes that the delivery charges in the sum of $126.80 should be deducted as taxable costs from the total invoices for the court reporters.

With respect to Defendants' request for taxation of the costs for photocopying deposition exhibits, the Eleventh Circuit has instructed that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed

---

[11] These charges include: (1) a $48.55 Federal Express charge for the shipment of transcripts to counsel for Defendants, detailed on the receipt for court reporter services provided by VanLandingham, Durscher & Vanlandingham; (2) a $30.00 Federal Express overnight delivery charge, detailed on the Landmark Reporting, Inc. bill for court reporter services; and (3) a $48.25 charge for delivery of transcripts detailed on the Rosenberg & Associates bill.

[12] *See* U.S.E.E.O.C. v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. Fla. 2000); George v. GTE Directories Corp., 114 F.Supp 2d 1281, 1298 (M.D.Fla. 2000)("Section 1920(2) authorizes the taxation of deposition costs. Reasonable costs associated with depositions, such as postage for the mailing of transcripts, may similarly be taxed.")

that it was necessary to copy the papers at issue."[13] Moreover, pursuant to 28 U.S.C. § 1920(4), fees for exemplification and copies of papers necessarily obtained for use in the case are properly taxed as costs.

The $125.50 charge for copying deposition exhibits on the Rosenberg & Associates invoice[14] for the telephonic depositions conducted in New Jersey was for the benefit of Plaintiff, as previously discussed. The Court therefore concludes that the costs for copying these exhibits were "reasonable costs associated with the depositions" and, therefore, are due to be taxed against Plaintiff.

However, with regard to the costs of copying exhibits associated with the non-telephonic depositions, the charge for the miniscript and the charges for ASCII deposition transcripts - which total $136.25 - these costs are generally not taxable as conceded by Defendants at the hearing. Accordingly, the sum of $136.25 for copying, miniscript and ASCII charges must be deducted from the total taxable costs relating to court reporter charges.

***F. Fee for Copying Audiocassette***

Plaintiff objects to a charge for $52.45 incurred by Defendant for copying to CD an original audio recording produced by Plaintiff. As discussed at the hearing, the original audiocassette was produced by Plaintiff to Defendants and Plaintiff asked for the return of the original. As this tape was produced by Plaintiff as evidence in the case,

---

[13] United States E.E.O.C. v W&O, Inc., 213 F. 3d 600, 623 (11th Cir. 2000).

[14] Doc. 125-3 at 7.

the cost of copying the tape was a necessary expense. Accordingly, Plaintiff's objection to the $52.45 copying cost for the audio tape is overruled.

***G. Plaintiff Cannot Avoid Taxation of Costs Based Upon Financial Hardship***

Plaintiff's final argument is that the Court should not tax costs against her because it would cause an undue financial hardship. In *Chapman v. AI Transport*[15] the Eleventh Circuit held that "[a] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." However, the *Chapman* court went on to caution that "[I]f a district court ... chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay."[16] Moreover, "[e]ven in those rare circumstances where the non-prevailing party's financial circumstances are considered ... a court may not decline to award any costs at all."[17]

For at least two reasons, Plaintiff's request to deny the taxation of costs against her - or at least to reduce the taxable costs - based upon financial hardship must be rejected. First, and most notably, Plaintiff has failed to provide any documentation or proof - let alone substantial documentation as required by *Chapman* - to support her claim that she is in "dire financial circumstances." The failure to establish financial hardship through the submission of substantial documentation on its own is a sufficient reason to reject Plaintiff's argument.

---

[15] 229 F.3d 1012, 1038 (11th. Cir. 2000).

[16] *Id.* at 1039.

[17] *Id.*

There is also a practical reason to reject Plaintiff's argument. The fact of the matter is that the Plaintiff settled her claims against Ortho Biotech, Craig Phillips and Wilberto Ortiz and was paid a sum that is well in excess of the approximate $12,000 of costs taxed in the Bill of Costs. As such, independent of any financial issues that Plaintiff may presently face - none of which have been documented to the Court - Plaintiff has available a sum of money more than sufficient to pay the taxable costs in this case and thus the Plaintiff has failed to establish that the payment of taxable costs by her would be a financial hardship. Accordingly, the Court concludes that Plaintiff's objection to the assessment of taxable costs based upon financial hardship is due to be denied.

## III. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Objections to the Bill of Costs (Doc. 127) should be **DENIED** except to the limited extent detailed in this report and recommendation and the Clerk should be directed to reduce the taxable costs by $323.05[18] and enter an amended judgment for costs against Plaintiff in the total sum of **$12,185.52.**

**IN CHAMBERS** in Ocala, Florida, this 26th day of July, 2007.

GARY R. JONES
United States Magistrate Judge

Copies to:

The Honorable Wm. Terrell Hodges
Senior United States District Judge

Counsel of Record

[18] This sum reflects deductions of $20 for fees for service of subpoenas for the convenience charge; $40 for fees for the duplicate witness charge for Dr. Moering; and $263.05 for charges from the court reporter for copies of exhibits, ASCII transcripts, a CD-Rom charge, and postage and handling.